*In re* MARRIAGE OF MARILYN S. KRISTIE, Petitioner-Appellee, and ROBERT S. KRISTIE, Respondent-Appellant.

First District (1st Division)   No. 85—3351

Opinion filed June 1, 1987.

Howard LeVine and Ross B. Shugan, both of Homewood, for appellant.

Peter V. Solber, of Peter V. Solber, Ltd., of Chicago, for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Respondent, Robert S. Kristie, appeals from the apportionment of property and the award of maintenance to petitioner, Marilyn S. Kristie, following dissolution of the marriage. He also appeals from the trial court's order denying his motion for rehearing. We affirm.

The parties were married for 36 years and have six children, all of whom are emancipated. At the time of the hearing to determine maintenance and allocate property, both of the parties were employed and in good health.

■■ The husband's first argument is that the award of permanent maintenance in the amount of $400 per month, terminable upon remarriage, cohabitation or the death of petitioner, was an abuse of discretion. He claims that the wife failed to prove both that she was entitled to maintenance pursuant to section 504(a) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA or Act) (Ill. Rev. Stat. 1985, ch. 40, par. 504(a)) and that she was entitled to such a substantial amount for an unlimited period under section 504(b) of the Act. We disagree.

Section 504(a) of the IMDMA requires that in order for a court to grant maintenance, it must find that the spouse seeking it lacks sufficient property to provide for his or her reasonable needs, is either unable to support himself or herself through appropriate employment, or is otherwise without sufficient income.

The trial courts have wide latitude in determining what needs are reasonable and must decide on a case by case basis, taking into consideration such factors as the circumstances of the parties, the standard of living during the marriage, the duration of the marriage and the social position of the spouse seeking maintenance. The trial court must exercise its discretion in awarding or denying maintenance and its determination is presumed to be correct. (*In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 657, 409 N.E.2d 321.) A maintenance award will not be set aside unless it is contrary to the manifest weight of the evidence. *In re Marriage of Westphal* (1981), 99 Ill. App. 3d 1042, 1045, 426 N.E.2d 303, *appeal denied* (1981), 88 Ill. 2d 555.

■ The husband challenges the maintenance award on the basis that the wife has been employed as a receptionist for 10 years and is therefore able to support herself through appropriate employment. He argues that she had a net income of $227 per week which she voluntarily reduced to $137 per week through discretionary credit union deductions. He also points out that the wife received free hospitalization coverage from her employer, the mortgage would be paid off in two years, and her total monthly expenses were only $1,000 per month. He contends that balancing her expenses against her true net income of $976 per month results in a shortfall of only $24 per month and thus the $400 per month was not justified.

That the wife has been employed for 10 years is only one factor to be considered in determining whether maintenance should be awarded. Maintenance may be appropriate where a spouse is employed but has little prospect of earning a salary commensurate with her needs or where she has insufficient property to provide an adequate income. (See *In re Marriage of Simmons* (1980), 87 Ill. App. 3d 651, 660, 409 N.E.2d 321.) Although the wife is employed, the record supports her contention that she is unable to adequately support herself through her employment and that she is without sufficient additional income. She has been supported by respondent since the parties' separation in February 1984 in the amount of $400 per month and has used her credit union savings deduction to pay monthly bills.

■ The husband's net income, which is also a factor to be considered, is presently in excess of $362 per week and he testified that he spent $400 per month for rent and $250 per month for food. On the basis of present income, he will earn $260,000 in the future in contrast to her $135,000, a difference of $125,000. Although the husband characterizes the award as being unwarranted, when measured against the criteria of section 504(a), we find no abuse of discretion by the trial court.

The husband also argues that not only did the wife fail to meet the threshold requirements of section 504(a), in light of the requirements of section 504(b) of the Act, the award of permanent maintenance was against the manifest weight of the evidence. Neither the record nor the case law cited by him supports this argument. He relies on *Bellow v. Bellow* (1981), 94 Ill. App. 3d 361, 419 N.E.2d 924, *appeal denied* (1981), 85 Ill. 2d 563, where the appellate court reduced a maintenance award that was in excess of the wife's expenses. In reducing the award, the court noted that it was $10,000 higher per year than family expenditures during the most relevant period of the marriage. (See *Bellow v. Bellow* (1981), 94 Ill. App. 3d 361, 370, 419

N.E.2d 924, *appeal denied* (1981), 85 Ill. 2d 563.) The wife here has been receiving $400 per month since the separation, and, based on the record, we believe that this amount was necessary for her support and not in excess of her need.

The husband's reliance on *In re Marriage of McNeeley* (1983), 117 Ill. App. 3d 320, 453 N.E.2d 748, is also misplaced. The parties in *McNeeley* had been married for 30 years and all of their children were emancipated. The trial court in that case had awarded permanent maintenance of $3,200 per month, although temporary maintenance had been only $1,407 per month. The appellate court reversed, finding that there was no evidence to support the increase. In the instant case, there was no increase in the permanent maintenance award and the husband's affidavit, which did not include his overtime pay, indicated that he had adequate income to provide maintenance.

He also cites *In re Marriage of Glessner* (1983), 119 Ill. App. 3d 306, 456 N.E.2d 311, *appeal denied* (1983), 96 Ill. 2d 567, and *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300, *appeal denied* (1982), 92 Ill. 2d 573, in which the appellate court reversed awards of permanent maintenance. The facts in these cases are sufficiently dissimilar that they do not support limiting the duration of the maintenance award in the present case. We note that the $400-per-month award is fully taxable to the wife and fully deductible to the husband and would result in net income to the wife of only $290 per month or about $65 per week. We cannot find that an award of this modest amount, even for an indefinite period of time, constitutes an abuse of discretion.

■ The only substantial asset owned by the parties was the marital home. The husband argues that the trial court erred in awarding the wife 65% of the net equity in the home in the absence of proof that she was entitled to a disproportionate share of the marital assets. He contends that since both parties were employed and in good health, the equity in the home should have been divided equally.

Section 503(d) of the IMDMA (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)) sets out the factors to be considered by the trial court in dividing marital property. These factors include: the contribution of each party in acquiring and preserving the property, the value of the property set apart to each spouse, the duration of the marriage, the relative economic circumstances of the parties, and the age, health and income of each party. The trial court has broad discretion to apportion marital property in just proportions and abuse of discretion occurs only when no reasonable man could take the view adopted by the trial court. *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 180, 429 N.E.2d

465, *cert. denied* (1982), 456 U.S. 905, 72 L. Ed. 2d 162, 102 S. Ct. 1751.

■■ Although the husband correctly states that it is not an abuse of discretion for a court to divide marital assets equally where it has carefully considered the statutory criteria (*In re Marriage of Reed* (1981), 100 Ill. App. 3d 873, 874-75, 427 N.E.2d 282, *appeal denied* (1981), 88 Ill. 2d 555), this does not negate the proposition that an unequal division of property may also be appropriate where the court has properly applied the statute (*In re Marriage of Aschwanden* (1980), 82 Ill. 2d 31, 37, 411 N.E.2d 238). Thus in the instant case we are bound not by *Reed* but by the question of whether the trial court correctly applied the statute on the facts before it.

The value of the property allocated to the wife was as follows: $42,250 from the sale of the marital residence (assuming a value of $65,000); $5,000 with 6% interest (one-half of the value of the husband's IRA's); $1,740 (anticipated reimbursement of loan to the parties' son); and $520 value in shares of stock. Out of the total assets of $79,540, the wife was awarded $49,520 or 62.2% of the total assets.

The husband was barred from maintenance and awarded $30,020 or 37.8% of the assets as follows: $22,750 from the sale of the marital residence, $5,000 in an IRA, $1,750 (anticipated reimbursement of the loan to the parties' son), and $520 as his share of the parties' stock. The court also took into consideration that the husband had dissipated $4,500 in funds removed from a $10,000 joint account.

In our opinion, the court considered the relevant factors in allocating the property and we find no abuse of discretion.

We also affirm the order denying the husband's petition for rehearing. He has offered no new argument as to law or fact other than to recapitulate what was offered at trial and we therefore have no basis upon which to determine whether a rehearing was warranted.

For the reasons stated above, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.