*In re* MARRIAGE OF WERNER REIMANN, Petitioner-Appellant and Counterrespondent, and CAROL J. REIMANN, Respondent-Appellee and Counterpetitioner.

First District (3rd Division)   No. 86—3207

Opinion filed December 28, 1988.

Mammas & Goldberg, Ltd., of Chicago (Jerry S. Goldberg and Evan J. Mammas, of counsel), for appellant.

Sheldon K. Rachman, Ltd., and William G. Clark, Jr. & Associates, Ltd., both of Chicago (William G. Clark, Jr., and Ilene Davidson Johnson, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Petitioner, Werner Reimann (Werner), appeals from a judgment of the circuit court of Cook County awarding respondent, Carol Reimann (Carol), certain property, maintenance and attorney fees. On appeal, Werner argues that (1) the apportionment of marital property and award of maintenance are contrary to law, an abuse of discretion and against the manifest weight of the evidence and (2) the award of attorney fees is contrary to law and constitutes a manifest abuse of discretion. We affirm.

Carol and Werner were married on August 30, 1958. Nearly 25 years later, on January 5, 1983, Werner filed a petition for dissolution of marriage. On February 27, 1984, Carol received leave of court to file a counterpetition for dissolution of marriage.

The trial court conducted a hearing on both Carol's and Werner's petitions. Both Carol and Werner stipulated to irreconcilable differences for dissolution of the marriage. Following the court's order dissolving the marriage, a trial was had to determine maintenance, division of property and assets and attorney fees.

Introduced into evidence by way of stipulation was information as to Werner's business ventures. This evidence included balance sheets from a company in which Werner owned a 50% interest, Flex Construction (Flex); a letter from Carol's expert witness valuing Flex at $37,500; a letter from Werner's expert valuing Flex at $15,541; a valuation of Werner's interests in some limited partnerships in Crystal Lake, Illinois, at $120,000; Werner's receipt of $20,400 from the sale of a piece of property of the limited partnerships; an appraisal of the marital home at $105,000; the admission of a life insurance policy on Werner's life with a face value of $5,000; a life insurance policy on Carol's life with a face value of $1,500; and a stipulation of the following as marital property: the marital home, Werner's interest in the limited partnerships, a savings account of $5,500, an interest in Flex, the $20,400 from the sale of the limited partnership property, a with-

drawal by Werner of $15,000 from an employer thrift plan and a receivable from Flex in the amount of $7,200.

With respect to income, testimony was introduced as to Werner's and Carol's earnings. The evidence reflected the following:

|  | 1983 | 1984 | 1985 |
|---|---|---|---|
| Werner | 18,953.32 (Inryco) | 34,423.15 (Flex) | 22,581.00 (Flex) |
|  | 5,561.62 (Flex) |  |  |
| Carol |  | 3,410.00 |  |

Evidence of Werner's pension plan consisted of the following:

| Retirement Date | Age | Present Value | Monthly Benefit |
|---|---|---|---|
| 5/1/94 | 60 | $16,744.99 | $238.15 from 60 to 65 |
|  |  |  | 276.79 from 65 to life |
| 5/1/96 | 62 | 16,706.35 | 284.12 from 62 to 65 |
|  |  |  | 330.22 from 65 to life |
| 5/1/99 | 65 | 16,577.20 | 438.66 for life |

Further, evidence was introduced establishing that Carol was 53 years of age at the time of trial. She and Werner had two children, both emancipated. Carol was employed part time by Central Food Brokers, Park Ridge, Illinois. She earned $5 per hour and worked two or three days per week. Her net income at the time was approximately $60 to $65. Carol had no other source of income outside of the maintenance payments received from Werner.

From August 1984 through January 1985, Werner voluntarily paid Carol $1,000. In February 1985, Werner decreased his payment to $500 per month. In April 1985, following a hearing, the court entered a temporary order of maintenance and support in the amount of $800. However, in November and December 1985, the payment was decreased to $600. In January 1986, Carol's payment was again lowered to $400 per month.

On September 22, 1986, following the close of evidence, the trial court awarded Carol 60% of the marital property and awarded Werner 40%. The trial court also awarded Carol maintenance to be paid on a decreasing scale for a fixed period of years until Carol is entitled to a portion of Werner's pension benefits. Carol was awarded $1,000 per month for two years to age 55; $800 per month for two years to age 57; and $600 per month for eight years to age 65. Carol also received as nonmarital property china, silverware and her life insurance policy. Werner received his life insurance policy as nonmarital property as well. The trial court further awarded Carol $6,959.67 in attorney fees and Werner $500 in fees for the services of an expert witness. Carol does not contest the award to Werner. This appeal followed.

Werner first argues that the apportionment of marital property is contrary to law, an abuse of discretion and is against the manifest weight of the evidence. Werner further argues that the award of maintenance to Carol is contrary to law and constitutes an abuse of discretion. We disagree.

■ A trial court has considerable discretion in apportioning property and awarding maintenance. Neither of these awards will be set aside unless it is contrary to the manifest weight of the evidence. In deciding what needs are reasonable, trial courts take into consideration the circumstances of the parties, the duration of the marriage, the standard of living during the marriage, as well as the social position the spouse is seeking to maintain. *In re Marriage of Kristie* (1987), 156 Ill. App. 3d 821, 822, 510 N.E.2d 14, 15.

■ ■ Section 504(a) of the Illinois Marriage and Dissolution of Marriage Act (IMDMA) provides that a court may grant a maintenance order for either spouse if it finds that the spouse seeking maintenance (1) cannot sufficiently provide for his or her reasonable needs; (2) is unable to support himself or herself through appropriate employment; or (3) is otherwise without sufficient income. (Ill. Rev. Stat. 1987, ch. 40, par. 504(a).) Moreover, section 503(d) of the IMDMA provides in part for distribution of property in just proportions based upon (1) the contribution or dissipation of each party with respect to the property; (2) the duration of the marriage; (3) the economic situation of each spouse; (4) the age, health, station occupation employability, source of income and needs of each of the parties; and (5) the reasonable opportunity of each spouse for future acquisition of income. Ill. Rev. Stat. 1987, ch. 40, par. 503(d).

■ In the instant case, the trial court found that Werner had earned $34,000 annually for the last 10 years with some exceptions and had saved and invested enough to own a large percentage of a limited partnership and to have half ownership of his own company. On the other hand, Carol's income was only $260 per month and she had no savings or business investments. The maintenance award of the trial court clearly takes into consideration Carol's limited skills as well as her inability to provide for her reasonable needs. Moreover, with respect to the property distribution, the court took into account the length of the marriage (28 years), Carol's age and limited possibility of fruitful employment. In light of the evidence revealed in the record, it is clear that the trial court made a proper award to Carol. We therefore find no abuse of discretion in the trial court's maintenance or property award.

Next Werner argues that the award of attorney fees is contrary to

law and constitutes a manifest abuse of discretion. We disagree.

■ It is well settled that the decision to award attorney fees and the amount to be paid by the litigants rests within the sound discretion of the trial court. Such a decision will not be disturbed on review absent an abuse of discretion. (*In re Marriage of Bussey* (1985), 108 Ill. 2d 286, 299, 483 N.E.2d 1229, 1235.) Moreover, whether an award of attorney fees is proper depends upon a showing by the party seeking them of an inability to pay as well as a showing of the ability of the other spouse to do so. *In re Marriage of Weinberg* (1984), 125 Ill. App. 3d 904, 919, 466 N.E.2d 925, 935. See Ill. Rev. Stat. 1985, ch. 40, par. 508.

■ As stated previously, Werner's present income as well as potential earning power is far greater than that of Carol. With the exception of the trial court's award, Carol's income is only $260 per month compared to Werner's income of $34,000 annually. Taking into consideration all of the evidence presented in the record, we do not find that the trial court abused its discretion in ordering Werner to pay Carol's attorney fees, costs and expenses.

Accordingly, for the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

WHITE, P.J., and FREEMAN, J., concur.