*In re* MARRIAGE OF ABBIE LOUISE EMERY, Petitioner-Appellant, and EARL DOUGLAS EMERY, Respondent-Appellee.

Fourth District   No. 4—88—0345

Opinion filed February 9, 1989.

C. Steve Ferguson, of Harlan Heller, Ltd., of Mattoon, for appellant.

Robert Alan Dunst, of Kidwell, Cummins & Bast, of Mattoon, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

This appeal concerns a judgment entered in the marriage dissolution proceedings between the petitioner Louise Emery (Louise) and respondent Earl Emery (Earl). Louise claims errors in the (1) division of marital property and indebtedness; (2) the lack of a maintenance award; and (3) the award to Earl of the income tax exemption for their minor child. We agree and reverse.

The order of dissolution of the 16½-year marriage of Louise and Earl, effective May 15, 1986, was entered on June 5, 1986. At that time, Louise was 55 years old and Earl was 59 years old. One child was born to them during the marriage in 1973. Sole custody of the child was awarded to Louise. No issue is raised regarding custody or child support.

At the time of the dissolution, Louise and Earl entered into a

stipulation, which was ratified by the court and made effective as of May 15, 1986. Among other matters, the stipulation provided that Louise would have exclusive possession of the marital residence during the pendency of the proceedings; that Earl would pay certain marital debts during the proceedings; and that Earl was to pay Louise $180 per week as temporary and partial child support and maintenance. The stipulation also stated that it was not considered by the parties to be a final division or judgment as to marital property or debts and would not be considered when a final judgment as to property, debts, child support, maintenance, and any other marital rights was entered.

After a hearing on March 19, 1987, the court entered a supplemental judgment on June 11, 1987. This judgment awarded custody of the child to Louise and ordered Earl to pay $100 per week in child support. This judgment also divided the marital property between the parties as follows:

| Property | Louise | Earl |
|---|---|---|
| Marital Residence (Net Value) | $2,553.58 | 0 |
| Cash (Vacation Fund) | $ 0 | $ 778.13 |
| Household Items | $3,600.00 to $7,635.00* | 0 |
| Pension** | $7,284.27 | $14,568.55 |
| TOTALS | $ 13,437.85 to $17,472.85 | $15,346.68 |

*Values represent the total valuation determined by Louise (low figure) and Earl (high figure) for all personal property in the marital household. The court stated the value was somewhere in between these figures but closer to Louise's figures.

**Parties agreed on the value as of March 1986 of $21,852.82.

The pension amount awarded to Louise represents one-third of its value and is paid to Louise by Earl in monthly installments of $106.96, including 9% interest, beginning June 15, 1987, and terminating on June 8, 1995. Louise was ordered to pay the mortgage payments on the marital residence, $255.88 per month. The court barred Louise and Earl of any maintenance.

On July 10, 1987, Louise filed a motion for reconsideration and modification of the judgment. She argued that the division of property failed to take into account the factors set forth in section 503 of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 503). She further argued that the bar of maintenance and the child support award were erroneous in light of sections

504 and 505, respectively, of the Act. (Ill. Rev. Stat. 1985, ch. 40, pars. 504, 505.) Louise also requested that Earl be ordered to pay her attorney fees.

After a hearing on October 1, 1987, the court ordered Earl to pay Louise's attorney fees but denied Louise's motion for reconsideration of the judgment. The court's order was entered on April 2, 1988. Louise appeals from the denial of her motion for reconsideration.

Louise raises three issues on appeal. First, she argues that the court's division of the pension, using the "immediate or total offset" approach, was erroneous and an abuse of discretion. More specifically, Louise urges that the evidence established that she is not physically capable of full-time employment, and further, that the court failed to consider the statutory factors (Ill. Rev. Stat. 1985, ch. 40, par. 503) when allocating the pension amount. Louise contends that at least one-half of the pension should have been awarded to her, with no payments actually made until Earl retires, a utilization of the "reserved jurisdiction" approach to dividing pension interests.

Secondly, Louise assigns error to the lack of a maintenance award. Because of the gross disparity in incomes between Earl and Louise, Louise contends that when the statutory standards are applied (Ill. Rev. Stat. 1985, ch. 40, par. 504), an award of maintenance is proper and the court's decision to award property in lieu of maintenance was erroneous and an abuse of discretion.

Finally, Louise contends that the court abused its discretion in ordering that Earl be allowed to claim their minor child as a dependent for income tax purposes. Louise requests that the judgment be reversed and this cause be remanded with instructions or for further proceedings. Louise also requests an order for reasonable attorney fees for this appeal.

Earl argues that the court properly awarded more of the pension to him, given that this asset was acquired through his employment. He further argues that the reserved jurisdiction approach to dividing pensions is used in those cases where retirement is imminent, which is not the case here. He asserts that Louise received more of a benefit from the manner in which the pension was divided than he did because of the recognized danger to a pension holder if the pension is divided before retirement benefits are receivable.

Earl also points out that Louise received all the personal property, while he received none, which ensures that her standard of living would remain the same. He also states that his valuations for the personal property were more credible and, therefore, Louise received actually more marital property than he received. Regarding mainte-

nance, Earl contends that the evidence established that Louise is capable of full-time employment but fails to make any effort to obtain a suitable job. Under such circumstances, Earl contends she is not entitled to maintenance. Earl further argues that his financial situation is such that he cannot pay maintenance. Lastly, Earl contends it was within the trial court's discretion to order that he be allowed the tax exemption for his son.

■■ ■ Section 503(d) (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)) allows a court discretion to divide marital property in what it considers "just proportions," taking into account all listed factors as well as any other factors deemed relevant in a particular case. (*In re Marriage of Benz* (1988), 165 Ill. App. 3d 273, 286, 518 N.E.2d 1316, 1323.) The decision of a trial court in the division of marital property will not be disturbed unless there is evidence of clear abuse, *i.e.*, when no reasonable man could take the view adopted by the trial court. (*Benz*, 165 Ill. App. 3d at 286, 518 N.E.2d at 1323; *In re Marriage of Kristie* (1987), 156 Ill. App. 3d 821, 824, 510 N.E.2d 14, 16.) "Just proportions" does not compel a division resulting in mathematical equality between the parties. (*In re Marriage of Thornton* (1980), 89 Ill. App. 3d 1078, 1085, 412 N.E.2d 1336, 1342.) An unequal division may be appropriate where the court has properly applied the statute. *Kristie*, 156 Ill. App. 3d at 825, 510 N.E.2d at 16-17.

●3, 4 Louise first argues the pension was not properly allocated between the parties. Our courts have followed two basic methods in dividing these interests. Under the "reserved jurisdiction" approach, the division of the pension is delayed until it is actually paid out and the court retains jurisdiction to enforce the decree. (*Benz*, 165 Ill. App. 3d at 282, 518 N.E.2d at 1320; *In re Marriage of Wisniewski* (1982), 107 Ill. App. 3d 711, 437 N.E.2d 1300.) This method is best employed where it is difficult to place a present value on a pension due to uncertainties regarding vesting or maturation. (*In re Marriage of Hunt* (1979), 78 Ill. App. 3d 653, 663, 397 N.E.2d 511, 519.) Under the second method, the "total offset" approach, the trial court determines the value of the pension based on actuarial evidence, discounts this amount to a present value, and then determines the marital amount of this pension. (*Wisniewski*, 107 Ill. App. 3d at 717, 437 N.E.2d at 1305.) Often, expert testimony is taken on valuation, and this approach is frequently utilized where retirement is imminent and there are sufficient other assets to allow an offset to the "nonpensioner" spouse. *Benz*, 165 Ill. App. 3d at 282, 518 N.E.2d at 1321; *Wisniewski*, 107 Ill. App. 3d at 717, 437 N.E.2d at 1305.

In the present case, the parties stipulated that the value of the

pension rights was $21,852.82. This asset is the most significant, aside from the marital residence. The residence was valued by both parties at $21,000 but is subject to a mortgage debt of $18,446.72. By letter to counsel for the parties, the trial judge found that a portion of the pension must be allocated to Louise "to approximate an even division of marital property." Louise was awarded the family residence ($2,553.58), the personal property in the home, and some nonmarital property ($900). The judge found the value of the personal marital property to be closer to the estimates given by Louise but made no specific findings as to each item or as to a total valuation. In the light most favorable to Louise, this property has a value of approximately $3,600. From the total marital assets of $28,784.53 (using low valuations for personal property), Louise received $13,437.85 or 47% of the total marital assets.

■ Viewing the division of property in the light of the statutory factors in section 503(d), we find the division to be an abuse of discretion. Specifically, we observe that the property allocated to Louise provides little income for her. The house has been rented for $300 a month, but this barely covers the mortgage payment of $255.88 per month. In addition, the record establishes that Louise is not capable, due to her vocational skills, of securing more than a minimum-wage job and her health and childcare responsibilities further limit her ability to acquire "capital assets and income" in the future. (Ill. Rev. Stat. 1985, ch. 40, pars. 503(d)(7), (d)(10).) She suffers from arthritis and varicose veins, both of which, according to the medical testimony received, prevent Louise from having a job where she must sit or stand for eight hours a day or do any heavy lifting. While Louise is capable of employment, and in fact has worked previously and was working at the time of the divorce proceedings, she will not be able to obtain a job similar to Earl's position. Earl is a journeyman electrician and is paid approximately $480 net per week.

We also note that the court found there was an obligation for Earl to pay maintenance but instead the court awarded Louise property in lieu of maintenance. Significantly, it appears the pension was allocated (one-third, two-thirds) to obtain an approximate even division of marital assets and then an immediate payout of this pension was ordered and characterized by the court as "property in lieu of maintenance." The court considered the pension twice; first in dividing the marital property, *and* second, when considering an award of maintenance. In effect, Louise received only $6,153.58 of the marital assets or 21.3%. We find error in the division of marital property.

Property division and maintenance issues are necessarily inter-

twined, though different factors must be considered when deciding each matter. Louise also argues there was an abuse of discretion in not awarding her any maintenance and she utilizes similar arguments for this issue. She contends that the division of the pension and the method of payment (monthly) requires her to consume a marital asset to maintain herself and this is contrary to the law. Moreover, she argues that when the factors set out in section 504 are applied to her case, it is clear she is entitled to maintenance.

■ Section 504(a) sets forth the factors a court must consider when deciding whether or not maintenance is appropriate. If the spouse seeking maintenance (1) lacks sufficient property, including marital property, to provide for his reasonable needs, (2) is unable to support himself through appropriate employment, or (3) is otherwise without sufficient income, a maintenance order may be granted. (Ill. Rev. Stat. 1985, ch. 40, par. 504(a).) After maintenance is awarded, section 504(b) sets forth the factors to consider in determining the amount and duration of the maintenance award. We find that the evidence established Louise is entitled to maintenance.

■ Louise receives $300 per month of rental income from the marital home; she moved with her son to an apartment. Her net employment income per month, based on the last job she held, is $314 per month. She receives $430 per month in child support. She has no other income. In her financial affidavit, uncontroverted at trial, Louise listed her monthly expenses as follows:

| | |
|---|---:|
| Mortgage | $ 255.88 |
| Rent (apartment) | 200.00 |
| Food | 384.25 |
| Utilities | 143.50 |
| Clothing | 35.00 |
| Medical Care | 168.00 |
| Transportation and Car Payment | 316.98 |
| Miscellaneous | 220.00 |
| TOTAL | $1,723.61 |

With the pension check, Louise's deficit per month is $572.65; without the pension check, the deficit is $679.61. Even if Louise is able to obtain a better paying job, she remains unable to provide for her monthly needs. Earl argues that the sale of the house would reduce Louise's monthly expenses. However, Louise is not required to sell her assets or her capital in order to maintain herself in the manner established during the marriage. *Thornton,* 89 Ill. App. 3d at 1088,

412 N.E.2d at 1344.

Earl argues that he is not financially able to pay any maintenance. He points out in his brief that his annual income dropped from $59,313 in 1985 to $46,261.68 in 1986. He projected his 1987 income at $40,212.60. The evidence established that Louise's gross earnings for 1986 were $4,696, 10 times less than Earl's earnings. Earl's financial affidavit, also uncontroverted at trial, lists the following monthly expenses:

| | |
|---|---|
| Rent | $250.00 |
| Utilities | 55.00 |
| Food | 400.00 |
| Clothing | 60.00 |
| Transportation and Car Payment | 469.56 |
| Miscellaneous | 21.00 |
| TOTAL | $1,255.56 |

At the time the affidavit was filed, Earl stated his net weekly income was $498.36 or $2,142.95 net per month. Thus, Earl has a surplus of $887.39 per month. From this amount, he pays child support of $430 per month, $106.96 for the pension payment, and $107.50 for Louise's attorney fees. These payments leave Earl with $242.93 per month. If maintenance were awarded, both parties would enjoy a more equal standard of living, though it would not be the same as that enjoyed during their marriage.

Additionally, Louise argues that the award of the tax exemption for dependents to Earl was an abuse of discretion. We agree. Section 152(e) of the Internal Revenue Code of 1954 (26 U.S.C. §152(e) (1982)) expressly provides that the custodial parent is automatically entitled to the exemption *unless* that parent signs a waiver of the exemption. We find no indication in the record that a waiver was executed by Louise nor is it alleged on appeal that a waiver was signed. The trial court was without authority to award the exemption to Earl in direct contravention of Federal law. (*In re Marriage of Theroux* (Minn. App. 1987), 410 N.W.2d 354.) On remand, the tax exemption should be awarded in accordance with the provisions of section 152(e).

We find that a redistribution of marital property and an award of maintenance is required, and thus, we reverse and remand this cause. In her brief, Louise suggests that maintenance in the amount of $150 per week until Earl attains age 65. While we find Louise is entitled to maintenance, we decline to fix the amount and leave this task to the

trial court. Nonetheless, we note that maintenance should be determined in conjunction with the property division made on remand. We also make no specific findings as to the proper division of marital property in this case but direct that a division be made consistent with this opinion.

Finally, in her prayer for relief, Louise requests that this court enter an order for her reasonable attorney fees incurred for this appeal. This court is without jurisdiction to award attorney fees. (*Buehler v. Buehler* (1940), 373 Ill. 626, 628, 27 N.E.2d 466, 467; *In re Marriage of Stockton* (1988), 169 Ill. App. 3d 318, 328, 523 N.E.2d 573, 581.) This matter is properly decided by petition brought before the trial court. *Stockton*, 169 Ill. App. 3d at 329, 523 N.E.2d at 581.

In conclusion, we reverse the order of the trial court dividing the marital property and remand this cause for reconsideration consistent with this opinion.

Reversed and remanded with directions.

LUND and GREEN, JJ., concur.