*In re* MARRIAGE OF SHEILA MAE McGARRITY, Petitioner-Appellant, and BRIAN DOUGLAS McGARRITY, Respondent-Appellee.

Fourth District   No. 4—89—0433

Opinion filed December 14, 1989.

Randall B. Ehlers, of Ehlers Law Firm, of Bloomington, for appellant.

Susan Butler, of Morton, for appellee.

JUSTICE SPITZ delivered the opinion of the court:

On December 21, 1988, the trial court awarded Sheila Mae McGarrity (petitioner) and Brian Douglas McGarrity (respondent) a judgment for dissolution of marriage. The parties entered into a property settlement agreement and joint parenting agreement in which petitioner was to have custody of their child. The court accepted these agreements on April 12, 1989. However, the parties reserved for the court the issue of which parent would be awarded the dependency exemption for Federal income tax purposes. After a hearing, the court awarded the dependency deduction to respondent. Petitioner now appeals.

At issue is whether a trial court may award the Federal dependency exemption to the noncustodial parent. Petitioner claims that section 152(e) of the Internal Revenue Code (Code) (26 U.S.C. §152(e) (Supp. IV 1986)) provides that the custodial parent automatically receives the dependency exemption unless that parent signs a waiver of the exemption. Because petitioner is the custodial parent, and has not signed a waiver, she argues that the trial court erred when it awarded respondent the exemption. Alternatively, petitioner argues that the trial court abused its discretion in awarding respondent the deduction.

Respondent contends that section 152(e) of the Code does not divest State trial courts of jurisdiction to award dependency exemptions in the context of dissolution of marriage proceedings. Respondent further argues that petitioner agreed to allow the trial court to decide who received the deduction and that the trial court did not abuse its discretion in awarding the deduction.

Section 152(e) of the Code provides in pertinent part:

"(1) Custodial parent gets exemption Except as otherwise provided in this subsection, if—

(A) a child *** receives over half of his support during the

calendar year from his parents—

(i) who are divorced or legally separated under a decree of divorce or separate maintenance, [and]

* * *

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the 'custodial parent')." 26 U.S.C. §152(e), at 227 (Supp. IV 1986).

There are three exceptions to this general rule. The exception at issue here states that the noncustodial parent may claim the deduction if:

"(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year." 26 U.S.C. §152(e)(2), at 227 (Supp. IV 1986).

There is a split among the jurisdictions as to whether or not a State court may award the dependency exemption to the noncustodial parent. Some courts, including the First Appellate District of Illinois (*In re Marriage of Einhorn* (1988), 178 Ill. App. 3d 212, 533 N.E.2d 29), and the Third Appellate District of Illinois (*In re Marriage of Van Ooteghem* (1989), 187 Ill. App. 3d 696, 543 N.E.2d 899), have held that a State court may award the dependency exemption to the non-custodial parent. These courts conclude that a State court's allocation of an exemption does not interfere with the legislative intent behind section 152(e) of the Code, as amended. Formerly, section 152(e) had in part left to the Internal Revenue Service the determination of whether the custodial or noncustodial parent would receive the exemption. Thus, these courts conclude that Congress' only purpose in amending section 152(e) to automatically give the exemption to the custodial parent was to eliminate the Internal Revenue Service's role in determining which parent was entitled to the exemptions. However, to be able to award the exemption to the noncustodial parent, the State court must be able to order the custodial parent to sign the waiver form.

Some courts have found that since the amended section 152(e) provides an automatic allocation of exemption(s) to the custodial parent, Federal law has divested State courts of the authority to allocate the exemption. (See, *e.g.*, *State ex rel. Dryden v. Dryden* (S.D. 1987), 409 N.W.2d 648; *Lorenz v. Lorenz* (1988), 166 Mich. App. 58, 419 N.W.2d 770.) Other courts have have stated that a State trial court cannot award the exemption to the noncustodial parent unless the custodial parent signs a waiver form. *Theroux v. Boehmler* (Minn. Ct. App. 1987), 410 N.W.2d 354; *McKenzie v. Kinsey* (Fla. Dist. Ct. App. 1988), 532 So. 2d 98.

■ This court briefly discussed section 152(e) in *In re Marriage of Emery* (1989), 179 Ill. App. 3d 744, 534 N.E.2d 1014. In *Emery*, we found section 152(e) clearly states that unless a waiver is signed, a State court may not award the exemption to the noncustodial parent. However, we did not discuss whether a State trial court can order the custodial parent to sign a declaration that he or she will not claim the dependency exemption. We agree with the *Einhorn* and *Van Ooteghem* decisions. Nothing in section 152(e) of the Code requires the declaration to be signed voluntarily or prevents State courts from ordering the custodial parent to sign the declaration. Thus, in dissolution of marriage proceedings, a trial court may, in its discretion, allocate the tax dependency exemption to the noncustodial parent by ordering the custodial parent to sign a declaration that he or she will not claim the dependency exemption.

■ In the present case, the trial court awarded the dependency exemption to the noncustodial parent. However, the trial court did not order the custodial parent to sign a waiver of the exemption. We therefore reverse the order insofar as it awards the exemption, and remand with instructions for the trial court to consider the evidence before it and determine which parent should receive the dependency exemption. If the court determines that respondent is entitled to the exemption, it must order petitioner to sign a declaration that she will not claim the dependency exemption.

For the foregoing reasons, the judgment is affirmed in part, reversed in part and remanded with directions.

Affirmed in part, reversed in part and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.