STICKRADT v STICKRADT

Docket No. 84159. Submitted January 23, 1986, at Detroit. Decided March 5, 1986.

Plaintiff, Mary Ann Stickradt, and defendant, Terry Stickradt, were divorced on March 20, 1985, by order of the Wayne Circuit Court, Charles S. Farmer, J. Plaintiff was awarded custody of the parties' minor son, and the judgment granted to plaintiff the right to claim the exemption for the child for federal income tax purposes but reserved to defendant the right to petition the court in connection with his interests with respect to the exemption. Plaintiff appealed, arguing that the trial court was without jurisdiction to decide which parent was entitled to claim the exemption and that that provision of the divorce judgment should be stricken.

The Court of Appeals *held:*

Effective January 1, 1985, state courts no longer have the authority to determine which parent is entitled to the exemption. The current law provides that the custodial parent gets the exemption unless that parent expressly waives in writing his or her claim to the exemption for the year. Thus, the circuit court has been divested of jurisdiction over the matter and the provision awarding plaintiff the exemption and reserving defendant's interest in the exemption should be and is hereby stricken.

DIVORCE — PARENT AND CHILD — TAXATION — FEDERAL INCOME TAX — EXEMPTION FOR MINOR CHILDREN.

Effective January 1, 1985, a parent awarded custody of his or her minor child in divorce proceedings is entitled to the exemption for that child for federal income tax purposes unless that parent expressly waives in writing his or her claim to the exemption for the year; state courts therefore no longer have the authority to determine which parent is entitled to the exemption (26 USC 152[e]).

REFERENCES

Am Jur 2d, Federal Taxation ¶ 1139.

See the annotations in the Index to Annotations under Children; Taxes.

*Michael J. Trager,* for plaintiff.

Terry Stickradt, in propria persona, for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and M. R. KNOBLOCK,* JJ.

PER CURIAM. Plaintiff, Mary Ann Stickradt, and defendant, Terry Stickradt, were divorced by order of the Wayne Circuit Court on March 20, 1985. The judgment of divorce awarded plaintiff custody of the couple's minor child, Bryan. The judgment further contains the following language with respect to the parties' rights to claim the child as an exemption for federal income tax purposes:

> IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff (wife), as the custodial parent under this Judgment, shall claim the exemption for Bryan, minor child of the parties, under the Federal Income Tax, in accordance with, and subject to the provisions of 152.(c) of the Internal Revenue Code; but Defendant (husband) does not waive, nor shall he be precluded from petitioning the Court in connection with his interests with respect to such exemption.

Plaintiff argues on appeal that the trial court was without jurisdiction to decide which parent was entitled to claim the exemption and that the above provision should be stricken from the divorce judgment. We agree.

It is well established that the right of the federal government to collect taxes exists independently of state law. *Westerhof v Westerhof,* 137 Mich App 97, 100; 357 NW2d 820 (1984). However, prior to its amendment on July 18, 1984, § 152(e)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of the Internal Revenue Code (IRC), 26 USC 152(e), expressly granted state courts the authority to determine which party was entitled to receive the tax exemption. In *Westerhof, supra,* this Court described the former version of § 152(e) as follows:

> Section 152(e) has been interpreted by the United States Tax Court as providing a general rule that the parent having custody of the child for the greater portion of the calendar year is entitled to the dependency exemption for the child. *McGuire v Comm'r of Internal Revenue,* 77 TC 765 (1981). The exceptions to the general rule are contained in § 152(e)(2)(A) and (B). The first of these exceptions grants the exemption to the parent not having custody, if the decree of divorce or separate maintenance or a written agreement between the parents specifies that the noncustodial parent is entitled to the exemption, providing that the noncustodial parent has contributed at least $600 to the support of the child during the year. The second exception provides that the noncustodial parent is entitled to the exemption if he contributes $1,200 or more to the support of the child for the tax year in question and the custodial parent does not clearly establish that it provided the majority of support during the year. [*Id.,* 102-103.]

Following the 1984 amendment to § 152, state courts no longer have the authority to determine which parent is entitled to the exemption. Section 152(e) now provides that the custodial parent gets the exemption unless that parent expressly waives in writing his or her claim to the exemption for the year. Divorce judgments or written agreements executed before January 1, 1985, are exempted. Unlike the former version, the amended statute does not specifically contemplate or recognize state court participation in the determination of which party may claim the exemption. In post-1984 di-

vorce cases, the custodial parent is entitled to the exemption unless he or she chooses to release the claim to the noncustodial parent. The present statute divested the circuit court of jurisdiction over this matter and the provision awarding plaintiff the exemption and reserving defendant's interest in the exemption should be stricken.

We recognize from the lower court record that the trial court was clearly aware that plaintiff, as the custodial parent, was entitled to the exemption under § 152 and that she was the only one who could waive her claim to the exemption. The trial court apparently inserted the language reserving defendant's "interests" in the exemption so that it could take the exemption into account when ruling on future requests by plaintiff for an increase in child support payments. While the fact that plaintiff has the benefit of the exemption is a factor that the court may consider in ruling on future requests for increases in child support, we nevertheless conclude that the provision must be stricken from the divorce judgment since a state court no longer has jurisdiction over the subject matter.

It is ordered that the paragraph containing the parties' rights to claim the child as an exemption for income tax purposes be and the same is hereby stricken.