LORENZ v LORENZ

Docket No. 91336. Submitted May 5, 1987, at Lansing. Decided
February 1, 1988.

Jack Lorenz was granted a divorce from Paulette Lorenz in
Muskegon Circuit Court. The March 31, 1983, judgment of
divorce provided that defendant would have physical custody of
the two children of the marriage and that plaintiff was to pay
$12.50 per week per child in child support payments. On March
6, 1985, the judgment of divorce was amended, increasing the
support payments to $62.50 per week per child. In January,
1986, plaintiff filed a motion to amend the judgment of divorce,
seeking either an order of the court requiring defendant to
execute such documents as were necessary for plaintiff to claim
the children as dependents for federal income tax purposes or,
in the alternative, to reduce the level of the support payments
to reflect the loss of disposable income occasioned from the
increased federal income taxes caused by the loss of the depen-
dent child exemptions. The trial judge, Ronald H. Pannucci, J.,
indicated his unwillingness to become involved in ordering
anyone to execute a federal tax exemption release form and
held that he lacked jurisdiction to grant the requested relief.
Plaintiff appealed.

The Court of Appeals *held:*

1. Since the 1984 amendment of the federal income tax code,
state courts lack jurisdiction to determine which of the parties
to a divorce shall be able to take the federal income tax
dependent child exemption for any child of the marriage.
Accordingly, the trial court properly refused to order defendant
to execute the documents necessary for plaintiff to claim the
children as dependents.

2. The trial court abused its discretion by refusing to consider

REFERENCES

Am Jur 2d, Federal Taxation §§ 7300 *et seq.*

Am Jur 2d, Parent and Child §§ 41 *et seq.*

Federal income tax: husband's payments to wife in part for support
of minor child. 6 L Ed 2d 1370.

Propriety and effect of undivided award for support of more than
one person. 2 ALR3d 596.

See also the annotations in the Index to Annotations under Custody
and Support of Children.

the effect of the loss of the exemptions on plaintiff's ability to pay the child support payments. The matter must be remanded for a determination of whether any increased tax caused by the loss of the use of the children as dependents for federal income tax purposes constituted a change in plaintiff's financial status such as would mandate modification of the child support order.

Reversed and remanded.

Wᴇᴀᴠᴇʀ, P.J., dissented from the majority's holding that a remand is necessary. She would hold that a factual basis sufficient to warrant a change in the support payment was not shown. She would affirm.

Dɪᴠᴏʀᴄᴇ — Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Cʜɪʟᴅ Sᴜᴘᴘᴏʀᴛ — Tᴀxᴀᴛɪᴏɴ — Fᴇᴅᴇʀᴀʟ Iɴᴄᴏᴍᴇ Tᴀx — Exᴇᴍᴘᴛɪᴏɴ ꜰᴏʀ Mɪɴᴏʀ Cʜɪʟᴅʀᴇɴ.

Effective January 1, 1985, a parent awarded custody of his or her minor child in a divorce proceeding is entitled to the exemption for the child for federal income tax purposes unless that parent expressly waives in writing his or her claim to the exemption for the year; state courts therefore no longer have the authority to determine which parent is entitled to the federal income tax exemption; however, a Michigan court shall, in the exercise of its discretion, consider in fixing the level of child support the impact on the ability of the noncustodial parent to pay child support occasioned by any increased income tax liability resulting from the loss of the right to claim the federal income tax dependent child exemption (26 USC 152[e]).

*Frank M. Carrozza,* for plaintiff.

*Fielstra, Flynn, Reider, Wierengo & Brown, P.C.* (by *Darrel G. Brown*), for defendant.

Before: Wᴇᴀᴠᴇʀ, P.J., and M. J. Kᴇʟʟʏ and J. R. Kɪʀᴡᴀɴ,* JJ.

M. J. Kᴇʟʟʏ, J. Plaintiff, Jack Lorenz, appeals as of right the March 12, 1986, order of the Muskegon Circuit Court, denying his motion to amend the judgment of divorce. We remand for further findings by the trial court consistent with this opinion.

Plaintiff and defendant, Paulette Lorenz, have

---

* Circuit judge, sitting on the Court of Appeals by assignment.

two children: Melissia, born May 12, 1978, and Branden, born August 15, 1980. The March 31, 1983, judgment of divorce awarded defendant the physical custody of the two children and ordered plaintiff to pay support of $12.50 per week per child. Subsequently, on March 6, 1985, an amendment to the judgment of divorce was entered increasing the support payments to $62.50 per week per child.

In his motion to amend the judgment of divorce, filed on January 31, 1986, plaintiff states that he was informed by defendant that she intended to claim the two minor children as dependents for federal income tax purposes. Consequently, plaintiff brought his motion, asking the trial court to order defendant to sign and send whatever papers were necessary to the Internal Revenue Service so that plaintiff could claim the children as dependents for income tax purposes. Plaintiff subsequently amended his motion to seek the alternative relief of a reduction in support payments in the event that he could no longer claim the children as dependents.

In response to plaintiff's request for the court to order defendant to file the necessary papers with the IRS so that plaintiff could take the dependency exemptions for the minor children, the trial court stated:

My position has always been that I don't care for the IRS; and until I see a state appellate court telling me I have to decide this issue, I do not decide this issue in any case—never have, never will. My position is that the Internal Revenue Service can't tell me what to do, except on my taxes, and I am not about to tell what somebody else is going to do with reference to a federal issue. I do not rule on this issue, and as far as I'm concerned, I am not even sure I have discretion to

tell somebody what to do on a tax question—but assuming that this is a case to go to the appellate court, I will recognize I have discretion, and, in the use of my discretion, I still choose not to order someone to release another person from this claim, or to order the IRS that one or two people—one or the other person—can have these children for dependents.

This Court has previously held that a state court has the power to determine which parent is entitled to a dependency exemption. *Westerhof v Westerhof,* 137 Mich App 97, 108; 357 NW2d 820 (1984). However, at that time what was being interpreted was the 1967 amendment to the support test for children of divorced parents, 26 USC 152(e). Subsequent to *Westerhof,* the Tax Reform Act of 1984 amended 26 USC 152(e) and provided that a custodial parent gets the exemption unless it is expressly waived in writing for the particular tax year in question. *Stickradt v Stickradt,* 156 Mich App 141, 143; 401 NW2d 256 (1986). This amendment divested state courts of jurisdiction over which party could take the exemptions. *Id.* at 144.[1] Therefore, the trial court did not err in denying the first basis for defendant's motion to amend the judgment of divorce.

However, plaintiff also presented an alternative theory to justify amending the divorce judgment. Plaintiff argued that support payments should be reduced in light of the fact that two federal income tax exemptions would no longer be available to plaintiff. When asked if the trial court would entertain his motion to reduce his support payments in light of the fact that his taxes would

---

[1] We are unpersuaded by the reasoning of other jurisdictions that state court allocation of tax dependency exemptions is still permissible. See *Fundenberg v Molstad,* 390 NW2d 19 (Minn App, 1986) and McCarthy, *Who Gets Dependency Exemptions in a Divorce?* 66 MSB J 1028, 1028-1029 (October, 1987).

increase with the loss of the exemptions, thereby reducing his net income, the trial court responded:

> No. As far as I'm concerned, he can talk with you, Mr. Carrozza, and see what his options are. I don't want to make representations on what proper tax authority would be; but unless the law is changed, it seems to me you can do anything you want to do in good faith, as long as you can be prepared—it seems to me this issue is for the tax court, rather than a state divorce court.

The statement is plain wrong. It appears to be a device to avoid the issue.

> A trial court has the power to modify child support orders if the petitioning party is able to show changed circumstances sufficient to justify the modification. . . . The modification is in the trial court's discretion and its decision will not be disturbed absent a clear abuse of discretion. [*Wells v Wells,* 144 Mich App 722, 733-734; 375 NW2d 800 (1985).]

In plaintiff's amended motion, plaintiff requested a modification of his child support payments because of his reduced net income due to the fact that he could no longer claim the federal tax exemptions for his two minor children. On this claim, it is unclear from the transcript of the hearing and the order of the court that the trial court recognized the discretion it had to modify the support order due to plaintiff's changed financial status. For this reason, we remand this case to the trial court for a determination by the trial court of the impact of the new IRS custodial parent rule, 26 USC 152(e), on the ability of plaintiff to pay the current rate of child support and whether or not the impact of this change in the federal tax law should be reflected by a consequent modifica-

tion of the amount of child support required to be paid by plaintiff.[2]

Reversed and remanded.

J. R. KIRWAN, J., concurred.

WEAVER, P.J. *(dissenting).* I disagree with the majority and would affirm the decision of the trial court on both issues.

Although the majority is correct in holding that the amendment of 26 USC 152(e) by the Tax Reform Act of 1984 divested state courts of jurisdiction to award federal income tax exemptions in their discretion, I believe that the majority has wrongly decided the second question.

The majority opinion leaves the impression that the question of which parent receives the tax deduction is a predominant factor in determining whether to modify the level of child support. Yet Michigan law establishes that the welfare of the child within the means and ability of the parent to pay is the paramount concern of child-support modification. MCL 552.17; MSA 25.97. *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980).

The majority asserts as a basis for remand the trial court's alleged failure to clearly recognize its discretion to modify the support order "due to plaintiff's changed financial status." In my view, this position is incorrect.

Trial courts have continuing jurisdiction in their discretion to modify child-support payments upon a showing of changed circumstances. MCL 552.17; MSA 25.97 and MCL 722.27(c); MSA 25.312(7)(c). So basic is this well-established tenet of the law in Michigan that I fail to see how a trial judge,

[2] The reasonableness and mathematics of the support order have not been raised on appeal.

before whom such cases frequently come, could escape awareness of it. See, e.g., *Adamczyk v Adamczyk,* 155 Mich App 326, 328; 399 NW2d 508 (1986).

The only discretion which the trial court questioned was its discretion to decide which parent could claim the children as dependents for federal tax purposes. Even so, in order to facilitate review of the case, the trial court assumed such discretion and still chose not to order defendant to surrender the tax deduction to plaintiff.

In my view the trial court's opinion does not indicate any failure by the court to recognize its discretion with regard to the alternative question of support modification in general. In order to prevail on this question, plaintiff needed to show a change in circumstances, i.e., proof of change in earning capacity. *Westerhof v Westerhof,* 137 Mich App 97, 106-107; 357 NW2d 820 (1984). There was no evidence before the trial court, nor is it alleged on appeal, that plaintiff cannot pay the amount ordered or that plaintiff's earnings decreased following the order of March, 1985, when plaintiff was made to elevate his support payments from the pitifully inadequate sum of $12.50 per week per child (or the approximate total of $100 per month) to a more appropriate level.

The majority quotes *Wells v Wells,* 144 Mich App 722, 733; 375 NW2d 800 (1985), to state: "A trial court has the power to modify child support orders if the petitioning party is able to show changed circumstances sufficient to justify the modification." I believe that the above analysis amply demonstrates that: (1) the trial court correctly applied the law as to the federal deduction; and (2) the trial court kept in mind the need to provide for the welfare of the children within the

means and ability of the parent to pay and, in declining to modify the support order, recognized its discretion and did not abuse that discretion, let alone commit a clear abuse of discretion by failing to recognize "changed circumstances sufficient to justify the modification." *Id.* at 733-734.

I therefore dissent. I would affirm the trial court's decision and not remand.