VARGA v VARGA

Docket No. 100994. Submitted October 4, 1988, at Detroit. Decided
    December 5, 1988.

Plaintiff, Karl E. Varga, and defendant, Bonnie Sue Varga, were
    divorced in 1978 by order of the Oakland Circuit Court. Cus-
    tody of the parties' three minor children was awarded to
    defendant and plaintiff was ordered to pay child support of $70
    per week per child. In 1986, defendant petitioned for an in-
    crease in child support for the two children who were still
    minors. Plaintiff petitioned the court to amend the divorce
    judgment, seeking a modification of visitation rights, legal
    custody, and a right to claim the two minor children as depen-
    dents on his federal income tax return, as he had done for tax
    years 1978 through 1984. The petitions were consolidated and
    the matter referred to the Friend of the Court. At a court
    hearing in 1987, the court, Robert L. Templin, J., ruled that
    plaintiff must pay $140 per week for the only child still a
    minor at that time and that plaintiff was entitled to claim the
    children as dependents for federal income tax purposes. Defen-
    dant moved for a rehearing, arguing that an evidentiary hear-
    ing should have been held and that the court lacked jurisdic-
    tion to decide which party can claim the children as depen-
    dents for federal income tax purposes. Rehearing was denied.
    Defendant appealed.

The Court of Appeals *held:*

1. The court abused its discretion by ordering a change of
    child support payments without an evidentiary hearing and
    without making any particular findings of fact as to the reason
    for its ruling. The matter must be remanded for an evidentiary
    hearing.

2. At the evidentiary hearing on remand, the court should
    consider the issue whether the court should have awarded an

References

Am Jur 2d, Divorce and Separation §§ 1078 *et seq.*

Am Jur 2d, Federal Taxation ¶¶ 1125 *et seq.*

Divorce or separation: consideration of tax liability or consequences
    in determining alimony or property settlement provisions. 51
    ALR3d 461.

increase in child support retroactive to at least the date of defendant's petition in 1986 and make brief findings on the basis for its decision on when the modification, if any, should commence.

3. The court was without jurisdiction to decide which party was entitled to a federal income tax exemption for the children. The court could, however, consider which parent had the benefit of the exemption under the amended tax statute and its effect on the parties' ability to pay as relevant factors in deciding the amount of the modification, if any, that was justified. The matter of which party is entitled to the dependency exemption must be resolved as a matter of federal tax law.

Reversed and remanded.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDERS.

A trial court has discretion to modify child support orders if the petitioning party is able to show a change of circumstances that justifies the modification; once the petition is filed, the court is obligated to hold an evidentiary hearing if the parties fail to consent to the modification and there exists a factual dispute concerning the circumstances relating to the petition for modification, and all relevant factors, including the child's needs and the parties' ability to pay, must be considered in determining whether there was a sufficient change to justify the modification; in rendering its decision, the court should place on the record a brief finding of the basis of its decision.

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDERS — RETROACTIVITY.

An increase in periodic child support payments may not take effect prior to the time the petition to modify was filed, absent exigent circumstances.

3. DIVORCE — PARENT AND CHILD — CHILD SUPPORT — TAXATION — FEDERAL INCOME TAX — EXEMPTION FOR MINOR CHILDREN.

Effective January 1, 1985, a parent awarded custody of his or her minor child in a divorce proceeding is entitled to the exemption for the child for federal income tax purposes unless that parent expressly waives in writing his or her claim to the exemption for the year; state courts therefore no longer have the authority to determine which parent is entitled to the federal income tax exemption; however, a Michigan court shall, in the exercise of its discretion, consider in fixing the level of child support the impact on the ability of the noncustodial parent to pay child

support occasioned by any increased income tax liability resulting from the loss of the right to claim the federal income tax dependent child exemption (26 USC 152[e]).

*Colucci, Schneider & Witkowski* (by *John N. Colucci*), for plaintiff.

*Suo & Associates* (by *Sidney J. Suo*), for defendant.

Before: DOCTOROFF, P.J., and SHEPHERD and R. R. LAMB,* JJ.

SHEPHERD, J. In this postdivorce action, defendant Bonnie Sue Varga (Oleszkowicz) appeals as of right from a May 14, 1987, circuit court order modifying the child support provision of the parties' 1978 divorce judgment. We agree with defendant's claim that the court erred by failing to conduct an evidentiary hearing. Accordingly, we reverse and remand.

Defendant Bonnie Sue Varga and plaintiff Karl Varga were divorced in 1978. The divorce judgment awarded custody of the parties' three minor children to defendant and required plaintiff to pay child support of $70 per child per week. Eight years later on March 17, 1986, defendant petitioned for an increase in child support for the two children (Kimberly, age seventeen, and Kevin, age fifteen) who were still minors on the basis that "the needs of the children have substantially increased since the entry of the Judgment." The court referred the petition to the Friend of the Court in April, 1986, but a recommendation was not forthcoming and a dispute arose with regard to plaintiff's failure to disclose financial information.

On October 6, 1986, defendant sought relief in the circuit court by filing a motion to increase

* Circuit judge, sitting on the Court of Appeals by assignment.

child support to $250 per week per child or, in the alternative, an order compelling plaintiff to provide financial information and the Friend of the Court to issue a recommendation. On October 22, 1986, defendant filed an ex parte petition on a related matter and the court ordered plaintiff to appear and show cause why he should not be found in contempt for failure to comply with the divorce judgment's provision requiring him to pay Kimberly's medical expenses. Plaintiff contested the reasonableness of the medical charges and treatment. The court referred the matter to the Friend of the Court.

On October 28, 1986, plaintiff petitioned the court to amend the divorce judgment, seeking a modification of visitation rights, legal custody, and a right to claim Kimberly and Kevin as dependents on his federal income tax return, as he had done for tax years 1978 through 1984. The court consolidated plaintiff's petition with defendant's prior petition for increased child support and referred the matter to the Friend of the Court in November, 1986.

The next hearing in the circuit court occurred on March 25, 1987. By that time, there was only one minor child, Kevin, who was then sixteen years old. A formal recommendation of the Friend of the Court had not yet been issued, but it appears that the result of the Friend of the Court's investigation with regard to at least plaintiff's income was available. Defendant's attorney indicated that he disagreed with the Friend of the Court's finding but that, even if the Friend of the Court's findings were considered, an increase in child support to $307 per week for Kevin and Kimberly, and to $214 per week for Kevin after Kimberly reached the age of majority, would be justified because plaintiff's substantial increase in

earnings had enhanced his ability to pay. Plaintiff's attorney disagreed with the proposal, argued that no change of circumstances had been shown, and made an offer that plaintiff nevertheless would be willing to pay $140 per week for Kevin's support, effective on the date Kimberly reached the age of majority. Further, plaintiff's attorney argued that plaintiff should be able to claim Kimberly and Kevin as dependents for purposes of his 1986 federal income tax return and Kevin as a dependent for purposes of his 1987 return. The court accepted plaintiff's proposal that plaintiff pay $140 per week for Kevin and ruled that plaintiff was entitled to claim the children as dependents for federal income tax purposes.

In April, 1987, defendant moved for a rehearing arguing that an evidentiary hearing should have been held and that the court lacked jurisdiction to decide which party can claim the children as dependents for federal income tax purposes. In an order dated May 14, 1987, the court denied the motion for a rehearing and entered an order consistent with its holding at the March 25, 1987, hearing.

On appeal, defendant argues that the court abused its discretion by ordering a change of child support payments without an evidentiary hearing and without making any particular findings of fact as to the reason for its ruling. We agree.

A trial court has discretion to modify child support orders if the petitioning party is able to show a change of circumstances that justifies the modification. *Haefner v Bayman,* 165 Mich App 437, 444; 419 NW2d 29 (1988). Once the petition is filed, the court is obligated to hold an evidentiary hearing if the parties fail to consent to the modification and there exists a factual dispute concerning the circumstances relating to the petition for

modification. *Petoskey v Kotas,* 147 Mich App 487, 490; 382 NW2d 804 (1985). All relevant factors, including the child's needs and the parties' ability to pay, must be considered in determining whether there was a sufficient change to justify the modification. *Jacobs v Jacobs,* 118 Mich App 16, 22; 324 NW2d 519 (1982). In rendering its decision, the court should place on the record a brief finding of the basis of its decision. *Hakken v Hakken,* 100 Mich App 460, 465; 298 NW2d 907 (1980).

Here, the March 25, 1987, hearing on the petition consisted primarily of the parties' attorneys offering proposals regarding how to resolve the parties' dispute with regard to child support. The parties did not reach an agreement with regard to child support, and it is apparent from the record that there existed a factual dispute concerning the circumstances relating to the petition for modification, i.e., that plaintiff's ability to pay had substantially increased. The trial court did not resolve the dispute, but rather accepted plaintiff's voluntary offer to pay $140 per week for Kevin, retroactive from the date Kimberly reached the age of majority. Defendant never waived her right to an evidentiary hearing and, in fact, moved for a full hearing on the modification issue before the court entered its final order. The court did not state its reasons for accepting plaintiff's voluntary offer.

Under these circumstances, it was error for the court to proceed to change the child support order without conducting an evidentiary hearing, without considering all relevant factors, and without placing brief findings on the record. Cf. *Madden v Madden,* 125 Mich App 54, 61-64; 336 NW2d 231 (1983) (partial dissent by KELLY, J.), remanded to the circuit court for the reasons stated in Judge KELLY's dissent, 419 Mich 858 (1984).

Because we are remanding for an evidentiary

hearing, we shall also consider the other issues raised by defendant. Defendant claims that the court should have awarded an increase in child support retroactive to at least the date of her petition in March, 1986. The retroactivity of the modification, like the modification itself, is a matter within the court's discretion. However, absent exigent circumstances, an increase in periodic child support payments may not take effect prior to the time the petition to modify was filed. *Dresser v Dresser,* 130 Mich App 130; 342 NW2d 545 (1983). Accordingly, at the evidentiary hearing on remand, the court should consider this retroactivity issue and make brief findings on the basis for its decision on when the modification, if any, should commence.

Defendant also claims that the court was without jurisdiction to decide which party was entitled to a federal income tax exemption for the children. We agree. Plaintiff's contrary position is based on dicta in *Stickradt v Stickradt,* 156 Mich App 141, 143; 401 NW2d 256 (1986), indicating that divorce judgments executed before January 1, 1985, are exempt from the 1984 amendment to 26 USC 152 (defining dependency for purposes of federal income tax personal exemptions), which had the effect of divesting state courts of jurisdiction over which party can take the exemption. The holding was dicta because the divorce judgment at issue in *Stickradt* was executed after January 1, 1985, and, hence, could not have been excepted from the 1984 amendment.

We agree with the holding in *Stickradt* as well as *Lorenz v Lorenz,* 166 Mich App 58; 419 NW2d 770 (1988), that the statute, as amended by the Tax Reform Act of 1984, did divest state courts of jurisdiction to award federal income tax exemptions to either parent in their discretion. Under

the amendment, whether or not the parent can claim the exemption is determined as a matter of federal income tax law, as provided by 26 USC 152. Under subsection (e)(1), the custodial parent gets the exemption unless otherwise provided for in subsection (e). Subsection (e) lists three exceptions to this general rule: (1) an exception where the custodial parent releases his or her claim to the exemption for the tax year in question; (2) an exception for multiple support agreements; and (3) an exception for certain pre-1985 instruments. The exception claimed by the plaintiff in this case relates to the third exception, which states:

Exception for certain pre-1985 instruments.

(A) In general.—A child of parents described in paragraph (1) shall be treated as having received over half his support during a calendar year from the noncustodial parent if—

(i) a qualified pre-1985 instrument between the parents applicable to the taxable year beginning in such calendar year provides that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, and

(ii) the noncustodial parent provides at least $600 for the support of such child during such calendar year.

For purposes of this subparagraph, amounts expended for the support of a child or children shall be treated as received from the noncustodial parent to the extent that such parent provided amounts for such support.

(B) Qualified pre-1985 instrument.—For purposes of this paragraph, the term "qualified pre-1985 instrument" means any decree of divorce or separate maintenance or written agreement—

(i) which is executed before January 1, 1985,

(ii) which on such date contains the provision described in subparagraph (A)(i), and

(iii) which is not modified on or after such date in a modification which expressly provides that

this paragraph shall not apply to such decree or agreement. [26 USC 152 (e)(4).][1]

Here, the divorce judgment, although executed before January 1, 1985, did not provide that the noncustodial parent shall be entitled to the dependency deduction as required by subsection (e)(A)(i) and (B)(ii). Accordingly, the parties' divorce judgment was not a "qualified" pre-1985 instrument and the exception does not apply.

Since the exception does not apply, defendant, as the custodial parent, is entitled to claim the exemption unless she releases her claim to the exemption in accordance with 26 USC 152 (e)(2). The trial court was without authority to order that plaintiff is entitled to claim the deduction without obtaining defendant's consent. The court could, however, consider which parent had the benefit of the exemption under the amended tax statute and its effect on the parties' ability to pay as relevant factors in deciding the amount of the modification, if any, that was justified. Cf. *Stickradt, supra,* p 144; *Lorenz, supra,* pp 61-62. Accordingly, on remand, the court should consider the effect of 26 USC 152 on the child support dispute, but may not decide which party is entitled to the dependency exemption, which must be resolved as a matter of federal tax law.

In summary, we reverse the trial court's May 14, 1987, order and remand for an evidentiary hearing at which defendant will have the burden of showing a change of circumstances that justifies a modification of child support and the date from which the modification should commence.

Reversed and remanded. Jurisdiction is not retained.

---

[1] Although 26 USC 152 was also amended by the Tax Reform Act of 1986, effective for tax years beginning after December 31, 1986, this amendment did not change subsection (e)(4).