**In re the Marriage of Barbara E. RITCHEY, Appellant–Petitioner,**

v.

**Stephen T. RITCHEY, Appellee–Respondent.**

**No. 40A01–9002–CV–77.**

Court of Appeals of Indiana, First District.

July 26, 1990.

Mark J. Dove, Rogers & Dove, North Vernon, for appellant-petitioner.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Barbara E. Ritchey (Barbara) appeals the amount of the trial court's award to her of weekly child support payments from Stephen T. Ritchey (Stephen). We affirm and remand.

## FACTS

On August 11, 1989, Barbara filed for dissolution of marriage from Stephen. At the time of the final hearing on November 3, 1989, the parties' daughter was age thirteen, Stephen was earning a gross weekly wage of $703.31, and Barbara was earning a gross weekly wage of $200.00. Based on those facts, Ind. Child Support Guideline 3(D) presumed $107.80 weekly child support should be paid by Stephen to Barbara. Barbara denied Stephen's request of the right to declare their daughter as a dependent for federal and state income tax purposes. Stephen calculated $594.00 per year as the additional federal and state tax he would have to pay by virtue of not being able to declare their daughter for exemp-

tion purposes and then asked the court to deduct that amount from the amount of child support presumed by the guidelines to be proper.

In the decree of dissolution entered November 22, 1989, the court awarded Barbara only $95.00 per week child support, reasoning Barbara's refusal to grant the dependent exemption to Stephen resulted in additional tax to him averaging $11.42 per week and the $107.80 presumptive amount should be reduced accordingly. However, on December 4, 1989, the court entered an order on a motion to reconsider and amended the decree to reflect its acknowledgement that § 152(e) of the Internal Revenue Code and the case of *In Re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641 prohibited the court from awarding the exemption to anyone other than the custodial parent. The court then stated that in light of that prohibition and the fact Stephen was providing 77% of their daughter's support, and in order to do justice, it was reducing the child support from the presumptive amount of $107.80 weekly to $95.00 weekly. Barbara then filed this appeal.

## ISSUE

Whether a trial court in determining child support may allocate the income tax dependency exemption, or order the custodial parent to execute a waiver of that exemption, or adjust the support order to reflect the tax burden on the non-custodial support paying parent.

## DISCUSSION AND DECISION

Barbara contends the trial court erred in reducing the presumptive amount of weekly child support payable to her because the court ordered the reduction solely because of her refusal to permit Stephen to claim their daughter as a dependent for tax purposes.

Section 152(e) of the Internal Revenue Code, 26 U.S.C. § 152(e) (§ 152(e)) as amended in 1984, automatically grants a dependency exemption to a custodial parent of a minor child, but permits an exception

where the custodial parent executes a written waiver of the exemption for a particular tax year. In *In Re Davidson* we held § 152(e) prohibits a trial court from allocating a dependency exemption to the noncustodial parent absent a written waiver by the custodial parent. *In Re Davidson*, 540 N.E.2d at 647.

However, in *In Re Marriage of Baker* (1990), Ind.App., 550 N.E.2d 82, we stated 26 U.S.C. § 152(e) "does not adopt an irrebuttable presumption that the custodial parent is entitled to the economic benefit of the deduction" but merely "restricts the means of proof available to the noncustodial parent to a simple written waiver executed by the custodial parent and attached to the return." *Id.* at 85. We reasoned that neither the text nor the structure of § 152(e) " 'positively required by direct enactment' that state substantive law be preempted" and that "continued state court adjudication of the underlying substantive issue will not transgress the goals and policies of Congress in enacting modified § 152(e)." *Id.* at 86. We noted Congress's purpose in enacting the provision was to resolve the issue of eligibility without Internal Revenue Service (IRS) involvement in fact-finding. *Id.* We stated state court orders allocating the exemption can be drafted to conform with § 152(e) and give IRS the objective proof it wants, and we held the trial court had not erred in allocating the dependency exemption to the noncustodial parent. *Id.*

The facts of the present case have caused us to take a hard look at *In Re Davidson* and *In Re Baker* and at caselaw from other jurisdictions in order that we might reconcile conflicts between the two holdings. In *In Re Davidson* we relied upon *Lorenz v. Lorenz* (1988), 166 Mich. App. 58, 419 N.W.2d 770 for our holding that "state courts no longer possess the authority to allocate the exemption to the non-custodial parent." *In Re Davidson*, 540 N.E.2d at 647. However, in *Varga v. Varga* (1988), 173 Mich.App. 411, 434 N.W.2d 152, although upholding *Lorenz*, the Court of Appeals of Michigan said the trial court, in deciding whether to modify an earlier child support order, could "con-

sider which parent had the benefit of the exemption under the amended tax statute and its effect on the parties' ability to pay as relevant factors ..." *Id.* at 419, 434 N.W.2d at 155–6.

The Supreme Court of Appeals of West Virginia held the amendment to § 152(e) was enacted by Congress for federal tax administration purposes and rejected the custodial parent's argument it was designed to provide a collateral financial benefit to the custodial parent. *Cross v. Cross* (1987), W.Va., 363 S.E.2d 449, 457. The court held that under § 152(e) as amended in 1984, a state court has no power to allocate a dependency exemption by court order alone but does have equitable power to order a custodial parent to sign a waiver. *Id.* Thus, a trial court could order a custodial parent to execute a waiver of the dependency exemption, making the execution of the waiver dependent upon the noncustodial parent having paid the required child support, and could enforce its order by adjusting child support if the custodial parent refused to execute a waiver of the exemption. *Id.* at 460.

The Court of Appeals of Utah comprehensively surveyed Congressional reports and the case law of other jurisdictions and concluded Congress, when it added to § 152(e) the language automatically entitling a custodial parent to the exemption, did not intend "to divest state courts of their traditional authority and bestow a collateral economic benefit on custodial parents." *Motes v. Motes* (1989), Utah App., 786 P.2d 232, 237. *Motes* discussed the view of a minority of state courts that the 1984 amendment to § 152(e) divests state courts of their authority to allocate dependency exemptions and prohibits them from ordering custodial parents to execute waivers of dependency exemptions. The *Motes* court approved the reasoning of the *Cross* court and stated "the minority view forces state courts to achieve financial parity indirectly, by downwardly adjusting otherwise appropriate ... child support, rather than achieving parity directly, by sensibly allocating the exemptions." *Motes*, 786 P.2d at 239.

The *Motes* court reasoned that, when awarding child support, state courts should recognize which parent will receive the greater economic benefit of a dependency exemption. The court also noted that an order to a custodial parent to execute a waiver would not normally be appropriate unless the noncustodial parent has higher income than the custodial parent and provides the majority of the support for the children for whom the exemption is claimed. In such a case, an order to the custodial parent to execute a waiver could reduce the tax burden of the noncustodial parent. The court also concluded such an order should be supported by findings which indicate the circumstances for deviating from the § 152(e) presumption and should provide that the custodial parent's duty to execute a yearly waiver is contingent upon the noncustodial parent's support payments being current. *Motes*, 786 P.2d at 239.

█ After careful consideration, we conclude a trial court has equitable jurisdiction to consider the respective tax burdens of custodial and noncustodial parents and, in a proper case, to order a custodial parent to sign a waiver of a dependency exemption. A trial court may make the custodial parent's duty to execute a yearly waiver contingent upon the noncustodial parent's support payments being current. Furthermore, a trial court can enforce its order against a custodial parent by an order of contempt or by adjustment of child support payments in an amount representing the additional tax burden upon the noncustodial parent because of the absence of the waiver.[1]

█ To the extent that *Baker* holds a trial court can allocate a dependency ex-emption, we disagree. We hold that a trial court cannot allocate a dependency exemption and note that even if § 152(e) did not prohibit the allocation, a court order would be ineffective to provide tax relief to the noncustodial parent in the absence of a written consent by the custodial parent. Thus, we affirm the portion of *Davidson* in which we stated a trial court may not allocate a dependency exemption to a non-custodial parent. *Davidson*, however, did not involve any issue of requiring execution of a waiver or adjustment of the support order to reflect income tax consequences. Rather, *Davidson* was concerned only with an order of allocation.

We do hold, however, that in a proper case, a trial court may order the custodial spouse to execute a waiver, and, upon refusal to execute the waiver, may adjust the support order to afford the non-custodial parent relief from the additional tax burden resulting from the refusal to sign the waiver.[2]

The trial court here initially based its deviation from the presumed child support payment on the amount of additional tax burden Stephen would suffer because of Barbara's refusal to permit him the exemption. When made aware of the holding of *In Re Davidson*, the trial court amended its award, not to recalculate the amount payable, but solely to justify its earlier deviation. The court's amended rationale stated a reduction of the amount Stephen was required to pay from $107.80 per week to $95.00 was just because Stephen was paying 77% of the child's support.

In light of our analysis above, we hold the trial court appropriately considered the proportion of Stephen's income to Barbara's, and the additional tax burden which resulted from Barbara's refusal to provide

---

1. Nothing in the Indiana Child Support Guidelines prohibits a trial court's adjustment of a noncustodial parent's child support obligation to reflect the denial by the custodial parent of the tax benefit of the noncustodial parent's payments. The Commentary to Child Supp. G. 5 notes the Guidelines do not consider the award of the income tax exemption for a dependent and recommends a trial court review each case individually with that in mind. Furthermore, a trial court may deviate from the guideline amount if the evidence in a particular case

indicates award of the presumptive amount would be unjust and the court enters a written finding articulating the circumstances supporting its award. Child Supp.R. 3.

2. To the extent that this writer's dissenting opinion in *Baker* relies on *Davidson* as implying that a trial court cannot order execution of a waiver or adjust the support order in a proper case, it is in error, and is contrary to our holding here.

**1380**

a written consent for Stephen to use the dependency exemption. We also hold the trial court's adjustment of the presumptive child support payment by an amount reflecting the additional tax burden was appropriate under the circumstances of this case. We affirm the trial court and remand for the trial court, in light of our opinion, to amend its findings to support its order.

Affirmed, but remanded for amendment of findings.

BAKER and STATON, JJ., concur.