MITCHELL v MITCHELL

Docket No. 135982. Submitted December 9, 1992, at Detroit. Decided March 1, 1993, at 9:35 A.M.

Lila P. Mitchell brought an action for divorce in the Oakland Circuit Court against David C. Mitchell, seeking child support, alimony, and other relief. The court, Gene Schnelz, J., entered an order in August 1987 that required the defendant to pay to the plaintiff $1,000 a month as interim support during the pendency of the litigation. In October 1988, the interim support order was modified to require the defendant to pay not only the previously ordered support but also $1,000 a month as alimony, commencing in September 1988. A judgment of divorce was entered on September 21, 1990. A dispute arose concerning the tax consequences of the support payments as a result of the defendant treating all the support payments as deductible alimony on his 1987, 1988, and 1989 tax returns, while the plaintiff declared only the supplemental payments that commenced in September 1988 as taxable alimony income. The court, in response to the plaintiff's motion to clarify the support orders, held that only the supplemental payments were alimony that the defendant could deduct from his tax return. The defendant appealed.

The Court of Appeals *held:*

1. It was proper for the trial court to enter an order clarifying and interpreting its previous interim support orders even though the order of clarification was entered after the judgment of divorce had been entered.

2. The court's finding that only the supplemental payments constituted alimony was not clearly erroneous, was fair and equitable, and was supported by the record.

3. Although the defendant was entitled to a hearing at which he could have presented evidence concerning the intent of the parties with respect to the original interim support order, his failure to request such a hearing waived that right.

Affirmed.

REFERENCES
Am Jur 2d, Divorce and Separation § 340.
See ALR Index under Alimony; Divorce and Separation.

DIVORCE — EVIDENTIARY HEARINGS — REQUESTS FOR HEARING.
  A trial court in proceedings related to a divorce action is obligated to conduct an evidentiary hearing to resolve an ambiguity or factual dispute only if a party specifically requests such a hearing.

*Henry S. Gornbein,* for the plaintiff.

*Dennis M. Furman,* for the defendant.

Before: SHEPHERD, P.J., and BRENNAN and L. P. BORRELLO,* JJ.

SHEPHERD, P.J. Defendant, David C. Mitchell, appeals as of right from a November 27, 1990, circuit court order clarifying temporary support orders. We affirm.

On July 20, 1987, plaintiff, Lila Patricia Mitchell, filed a complaint seeking a divorce, along with child support, alimony, and other relief related to the maintenance of the marital home. Subsequently, on August 26, 1987, the circuit court entered an order awarding temporary support payments to plaintiff. This order states in pertinent part:·

> IT IS FURTHER ORDERED that the defendant shall pay to the plaintiff the sum of $1,000 per month as interim support with said payments to continue during the pendency of this matter or until further order of the Court subject to a review, if desired by either party in two months.

On October 25, 1988, the trial court issued an order modifying the original interim support order to include an alimony component. That order states in pertinent part:

> IT IS FURTHER ORDERED that the prior order of

* Circuit judge, sitting on the Court of Appeals by assignment.

the Court regarding temporary support shall be modified and increased so that in addition to the $1,000 per month in support, the defendant shall also pay the sum of $1,000 per month in alimony, effective September 1, 1988, and said payments shall continue during the pendency of this action.

Defendant claimed as tax deductible alimony on his 1987-89 tax returns all the support payments specified in both interim orders, whereas plaintiff claimed as taxable income for these tax years only the $1,000 a month alimony payments effective September 1, 1988. As a result of the discrepancies in the parties' income tax returns, the Internal Revenue Service audited both plaintiff and defendant. On September 18, 1990, the day before the divorce action was disposed of by a consent judgment, plaintiff met with an official of the IRS, who suggested that the matter be submitted to the trial court for a clarification of the tax consequences of the interim support payments. After the entry of the judgment of divorce, plaintiff moved for a clarification of the temporary orders. In the order dated November 27, 1990, the trial court determined that only the supplemental payments of $1,000 a month that were designated as alimony and became effective September 1, 1988, constituted alimony and were taxable income to plaintiff and tax deductible to defendant.

I

Defendant first claims that the trial court erroneously modified stipulated interim support orders after the entry of the judgment of divorce. Specifically, defendant maintains that the trial court did not have the authority to modify retroactively the interim support orders, because these orders were

not preserved by the judgment of divorce. We disagree.

While a trial court is entitled to modify interim support orders, *Thompson v Merritt,* 192 Mich App 412, 421; 481 NW2d 735 (1991), the trial court did not modify the interim support orders in this case, as defendant contends. Rather, the trial court simply clarified the previous interim support orders in order to explain the tax consequences of the support payments. Further, even if defendant's contention that the interim orders were merged with the divorce judgment is correct, it was appropriate for the trial court to interpret the orders so that the tax consequences could be properly determined.

II

Defendant next argues that the trial court erred in construing the August 26, 1987, order as providing child support. Defendant contends that the parties agreed that the interim support payments would constitute alimony. Again, we disagree.

We review the trial court's factual findings relating to the award or modification of alimony for clear error. *Beason v Beason,* 435 Mich 791, 805; 460 NW2d 207 (1990). A finding is clearly erroneous if the appellate court is left with a definite and firm conviction that a mistake has been made. *Id.,* pp 803-805. If the trial court's findings are not clearly erroneous, this Court must then decide whether the dispositional ruling was fair and equitable in light of the facts. The trial court's dispositional ruling whether all the interim support payments constituted alimony must be affirmed unless we are firmly convinced that it was inequitable. *Sparks v Sparks,* 440 Mich 141, 152; 485 NW2d 893 (1992).

Before entering the August 26, 1987, interim order, the trial court reviewed the opinion and record of the arbitrator who had made factual findings and considered the agreement reached by the parties regarding support payments. In addition, a hearing was held before the court's entry of the October 25, 1988, order modifying the August 26, 1987, order. A review of the record reveals that the trial court determined, after full consideration of the requisite factors, that only the payments of $1,000 a month effective September 1, 1988, constituted alimony. These findings of fact were not clearly erroneous. In light of the facts, we do not believe that the trial court's ruling was inequitable.

III

Finally, defendant asserts that the trial court was required to conduct an evidentiary hearing before retroactively modifying its interim support orders. We disagree.

With respect to this issue, defendant relies upon this Court's decisions in *Vigil v Vigil,* 118 Mich App 194; 324 NW2d 571 (1982), and *Varga v Varga,* 173 Mich App 411; 434 NW2d 152 (1988). According to defendant, these cases stand for the proposition that where there exists an ambiguity or a factual dispute in a divorce context, the trial court is obligated to conduct an evidentiary hearing.

In *Vigil, supra,* p 199, this Court considered whether an evidentiary hearing was required to interpret the meaning of the term "mortgage payment" in a divorce judgment and stated:

Generally, trial courts are afforded wide discretion in interpreting divorce judgments, in keeping

with the discretion generally exercised in initially reaching such judgments. *Greene v Greene,* [357 Mich 196, 201-202; 98 NW2d 519 (1959)]. Often, in interpreting a judgment, the trial court will need only look to its own findings of fact and conclusions of law to resolve an ambiguity. *Walker v Walker,* 327 Mich 707, 712; 42 NW2d 790 (1950). In *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943), the Supreme Court rejected an appellant's claim that the trial court's interpretation of the divorce judgment was based upon an insufficient record. Quoting from *Tessmer v Tessmer,* 261 Mich 681; 247 NW 93 (1933), the Court referred to the inherent familiarity a trial court has with the circumstances and meaning of its own divorce judgment:

"In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Proceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous." 307 Mich 370.

We believe this familiarity rule extends only to judgments entered pursuant to a court's own decision, that is, to those judgments resulting from the trial court's own findings of fact and conclusions of law. The trial court is unavoidably familiar with the process by which such judgments are reached.

In reversing the decision of the trial court and remanding the matter to allow the parties to present evidence at a hearing, the panel in *Vigil* noted that additional proofs were required to resolve the ambiguity because the divorce judgment was the product of the parties' own negotiations and was not drafted by the trial court.

In *Varga, supra,* pp 415-416, this Court reviewed a postdivorce proceeding in which the trial court

modified a child support order without conducting an evidentiary hearing and observed:

> Once the petition is filed, the Court is obligated to hold an evidentiary hearing of the parties' failure to consent to the modification and there exists a factual dispute concerning the circumstances relating to the petition for modification.

In reversing and remanding for a evidentiary hearing, the panel in *Varga* noted that the trial court did not resolve the factual dispute on the record. Moreover, this Court noted: "Defendant never waived her right to an evidentiary hearing, and in fact, moved for a full hearing on the modification issue before the court entered its final order." *Id.,* p 416

Notwithstanding the decisions in these cases, we hold that a trial court is obligated to conduct an evidentiary hearing to resolve an ambiguity or a factual dispute that arises in a proceeding related to a divorce only if a party specifically asks for an evidentiary hearing. To the extent that these earlier cases said otherwise, they were decided incorrectly.

Although there is a right to a hearing, we note that parties abandon that right if they fail to assert it. Otherwise, their attorneys would be permitted to stand in front of a judge and argue that the court should rule in their favor and then later argue that the judge should have ordered sua sponte a hearing. If a party demands a hearing, the trial court is obligated to conduct one, but a trial court's obligation to conduct an evidentiary hearing to resolve an ambiguity or dispute only arises if a party specifically asks for a hearing.

In this case, defendant waived his right to an evidentiary hearing. Here the parties stood before

the court and asked for a resolution of the ambiguity regarding the tax consequences of the interim support orders. Although further testimony might have been useful in assisting the court, there was no apparent need for additional proofs, because the trial court was simply interpreting its own previous orders, which had been based upon findings of fact of which the court was well aware. Had defendant wanted to introduce additional proofs, all he had to do was assert his right to an evidentiary hearing. Absent an assertion of this right, the trial court was not obligated to conduct an evidentiary hearing.

Affirmed.