691 N.E.2d 1308 (1998)
In re The PATERNITY OF H.M.H, a minor, by Next Friend Edna Marie MASSEY, and Edna Marie Massey, Appellants-Petitioners,
v.
Jeffrey Carl HULL, Appellee-Respondent.
No. 49A02-9711-JV-788.
Court of Appeals of Indiana.
February 27, 1998.
Thomas J. Ruble, Indianapolis, for Appellants-Petitioners.

OPINION
RILEY, Judge.

STATEMENT OF THE CASE
Petitioner-Appellant Edna Marie Massey (Massey) appeals the trial court's order divesting her of her income tax dependency exemption in even-numbered years.
We reverse and remand.

ISSUE
Massey presents two issues for our review which we consolidate and re-state as: whether the trial court erred in failing to allow Massey to utilize her income tax dependency exemption every year.

FACTS AND PROCEDURAL HISTORY
On January 4, 1996, a child was born to Massey and Jeffrey Carl Hull (Hull). On January 5, 1996, the parties executed a paternity affidavit, and on March 31, 1997, Massey *1309 filed a petition for custody, support, visitation, attorney fees and other matters. On June 18, 1997, a hearing was held on Massey's petition, at which she requested the court to award her the income tax dependency exemption each year. In its order, the trial court awarded the income tax dependency exemption to Hull in even-numbered years and to Massey in odd-numbered years.[1] Thereafter, Massey filed her motion to correct error which the trial court denied, and this appeal ensued.

DISCUSSION AND DECISION
We begin by noting that the Respondent-Appellee Jeffrey Carl Hull did not file a brief in this appeal. Where the appellee fails to file a brief on appeal, it is within our discretion to reverse the trial court's decision if the appellant makes prima facie showing of reversible error. Phegley v. Phegley, 629 N.E.2d 280, 282 (Ind.Ct.App.1994), reh'g denied, trans. denied. This rule is not for the benefit of the appellant; instead, it was established for the protection of the court so we might be relieved of the burden of controverting the arguments advanced for a reversal when this burden rests with the appellee. Id.
Massey asserts error with the trial court's failure to allow her to utilize her income tax dependency exemption each and every year. She claims that based upon our decision in Lamon v. Lamon, 611 N.E.2d 154 (Ind.Ct.App.1993), the trial court erred by divesting her of her exemption in even-numbered years and purportedly awarding the exemption to Hull in those years.[2]
In a proper case, the trial court has the power to order the custodial parent to sign a waiver of her presumed right to claim the child as a dependent for income tax purposes, and the decision is within the court's discretion. Ritchey v. Ritchey, 556 N.E.2d 1376, 1379 (Ind.Ct.App.1990). In Lamon, we provided the trial courts of our state with some guidance as to this discretionary power. There, we set forth factors to be considered in determining whether to order the custodial parent to sign a waiver of her right to the income tax dependency exemption. These factors are as follows: (1) whether the non-custodial parent will be paying the majority of the support; (2) the relative incomes of the parties; and (3) the tax consequences of divesting the custodial parent of the exemption. Lamon, 611 N.E.2d at 159. We further determined that the trial court's decision in these types of cases should be guided primarily by the goal of making the maximum amount of support available for the child. Id.; see also Skinner v. Skinner, 644 N.E.2d 141, 149 (Ind.Ct.App. 1994).
In the present case, it is undisputed that Hull will be paying the majority of the support and that his income is higher than Massey's. Both of these factors weigh in favor of Hull receiving the income tax dependency exemption as the trial court ordered. However, with regard to the third factor, the record reveals that only Massey provided evidence from which the trial court could have made a determination. Massey's evidence showed that since the child's birth she has claimed the child as a dependent on her income taxes and that it is the income tax dependency exemption that allows her to qualify for and receive the federal Earned Income Credit. This money in turn has allowed her to pay household and medical bills that she otherwise does not have the income to pay. Hull, on the other hand, neither *1310 presented evidence nor called any witnesses at the hearing. Massey, therefore, provided uncontradicted, prima facie evidence to the trial court of the consequence of divesting her of the dependency exemption, as well as showed to the court that more support, in the form of payment of medical and household bills, is available to the child if Massey is allowed to utilize her exemption each and every year. Thus, we find the trial court erred in divesting Massey of her dependency exemption in even-numbered years.

CONCLUSION
Based upon the foregoing, we find the trial court erred in failing to allow Massey to utilize her income tax dependency exemption each year. Accordingly, the decision of the trial court is reversed and this cause is remanded to the trial court with instructions to enter an order as to the income tax dependency exemption consistent with this opinion. We note that in doing so, the trial court may be required to recalculate support because one change such as this may produce a change in the entire economic situation of the parties.[3]
Reversed and remanded.
BAKER and NAJAM, JJ., concur.
NOTES
[1] We note that, pursuant to Ritchey v. Ritchey, 556 N.E.2d 1376 (Ind.Ct.App.1990) and its progeny, a trial court cannot award a non-custodial parent the income tax dependency exemption. Instead, the court may order the custodial parent to sign a waiver in order to allow the non-custodial parent to claim the dependency exemption. The trial court may then either hold the custodial parent in contempt for failure to do so, or it may adjust the amount of child support received by the custodial parent in proportion to the amount of the tax burden upon the non-custodial parent because of the absence of the waiver. Because we reverse this case based on the error asserted by Massey, we need not address the trial court's improper awarding of the tax exemption.
[2] In her brief, Massey also cites to our unpublished decision, In re Showalter. We direct Massey's counsel to Ind.Appellate Rule 15(A)(3) which states that memorandum decisions shall not be regarded as precedent nor cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel or the law of the case, none of which is the case here.
[3] Cf. Dusenberry v. Dusenberry, 625 N.E.2d 458, 461 (Ind.Ct.App.1993) (adjustment of one asset or liability may require adjustment of another to avoid an inequitable result or may require reconsideration of entire division of property).