# STATE OF MICHIGAN

# COURT OF APPEALS

---

MARY LEE FISHMAN-PIKU, a legally
incapacitated person now deceased, by
KATHLEEN BETH MURAWSKI, personal
representative,

       Plaintiff-Appellee,

v

STEPHEN PIKU, JR.,

       Defendant-Appellant.

UNPUBLISHED
March 23, 2017

No. 328023
Oakland Circuit Court
LC No. 2013-810085-DO

---

Before: BOONSTRA, P.J., and CAVANAGH and K. F. KELLY, JJ.

K. F. KELLY (*concurring in part and dissenting in part*).

I concur with the majority on all issues except for its conclusion that a remand is necessary. I see no need to remand the matter to the trial court for a determination of whether attorney fees were reasonable because the reasonableness of the plaintiff's requested fees was never in dispute during the lengthy pre-trial proceedings or during the 14 day trial.[1] Moreover, the record completely supports the trial court's award.

In his brief on appeal, defendant complains that the trial court found that "several thousands of dollars" were spent in pursuing separate maintenance without specifying the exact amount of the requested fees and the reasonableness of those fees. However, the trial court clearly referenced Plaintiff's Exhibit 25 in its opinion, an exhibit to which defendant *stipulated* at trial. Plaintiff's Exhibit 25 listed her attorney's hourly rate and work performed on her behalf. "A party cannot stipulate with regard to a matter and then argue on appeal that the resulting action was erroneous." *Hodge v Parks*, 303 Mich App 552, 556; 844 NW2d 189 (2014). Exhibit 25 itemized attorney fees of $46,650. Additionally, Kathleen testified regarding the exhibit, plaintiff's inability to pay the fees, and how defendant's actions necessitated spending additional fees in pursuit of the separate maintenance action. Although he had an opportunity to do so, defendant never challenged Exhibit 25, nor did he cross-examine Kathleen on the reasonableness

---

[1] In fact, the only disputed aspect of plaintiff's request for attorney fees during the pre-trial proceedings was simply what source of funds would be used to pay them.

-1-

of the fees incurred. Therefore, defendant never timely challenged the factual basis for Kathleen's claims.

I also believe that the issue is waived. A waiver constitutes and "intentional relinquishment of a known right." *Reed Estate v Reed*, 293 Mich App 168, 176; 810 NW2d 284 (2011) (citation and quotation marks omitted.) Throughout these proceedings both parties sought interim attorney fees and in each order the trial court specifically reserved the parties' right to later contest the amount of attorney fees to be ultimately awarded. However, defendant did not object to nor did he contest the amount of attorney fees referenced in Exhibit 25 despite being aware of his ability to do so.

Defendant is correct that the burden of proving the reasonableness of attorney fees falls on the party requesting such fees. He argues that "the guardian/conservator does not address the amount of the fees or the reasonableness of the fees," but that is not true. Plaintiff provided record evidence for the claim. In the face of plaintiff's evidence, defendant was required to place the reasonableness of the fees in issue, which he never did. "[A] trial court is obligated to conduct an evidentiary hearing to resolve an ambiguity or a factual dispute that arises in a proceeding related to a divorce *only* if a party specifically asks for an evidentiary hearing." *Mitchell v Mitchell*, 198 Mich App 393, 399; 499 NW2d 386 (1993) (emphasis added). Although not addressing an evidentiary hearing in the context of attorney fees, the Court further noted:

> Although there is a right to a hearing, we note that parties abandon that right if they fail to assert it. Otherwise, their attorneys would be permitted to stand in front of a judge and argue that the court should rule in their favor and then later argue that the judge should have ordered sua sponte a hearing. If a party demands a hearing, the trial court is obligated to conduct one, but a trial court's obligation to conduct an evidentiary hearing to resolve an ambiguity or dispute only arises if a party specifically asks for a hearing. [*Mitchell*, 198 Mich App at 399.]

"When requested attorney fees are contested, it is incumbent on the trial court to conduct a hearing to determine what services were actually rendered, and the reasonableness of those services." *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). The key word is "contested." At no point did defendant indicate that he was contesting plaintiff's fee request. Again, defendant was well aware that he could do so particularly in light of the fact that the trial court did conduct a pre-trial evidentiary hearing on the reasonableness of *his attorneys'* request for a charging lien for unpaid attorney fees. While plaintiff bore the burden of proving her requested fees were reasonable, the reasonableness of the fees was never in dispute or contested.

In support of this conclusion, I look to defendant's own claim in his September 10, 2014 motion for attorney fees that the trial court "previously ordered that the attorney's fees be 'equalized.'" Both parties had paid their attorneys throughout the litigation and the trial court granted defendant authorization to withdraw $20,000 for the payment of his attorney fees. Even defendant's proposed findings failed to contest the reasonableness of the fees incurred and, in fact, defendant complained that he had also incurred substantial fees:

36. Since taking over the account that was in Mary Lee's name, Kathleen Murawski has expended $61,000 for attorneys['] fees from that account to four different law firms; Sean Nichols, Shelton and Deon Law Group, Couzens Lansky Law Group, and Jackman and Kasody. (See Plaintiff's Exhibit 12) . . .Plaintiff's allegation that Steve cut Mary Lee off from funds is a straight out lie. However, Steve is now indebted to his law firm for approximately $79,000 in costs and attorney fees.

In addition, in his proposed judgment of separate maintenance he included, without objection, the award of attorney fees to plaintiff.

Allegations that the fees were unreasonable did not surface until after the judgment of separate maintenance was entered. Defendant, in his motion for relief from judgment, cited *Hisaw v Hayes*, 133 Mich App 639, 644; 350 NW2d 302 (1984) for the proposition that "[d]ue process requires that a litigant be afforded a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence." However, I believe the case is comparable to *Kernen v Homestead Dev Co*, 252 Mich App 689; 653 NW2d 634 (2002):

> Our review of the record and the trial briefs submitted establishes that plaintiffs did not request an evidentiary hearing until they moved that the trial court reconsider its opinion and order. Plaintiffs' failure to request an evidentiary hearing constituted a forfeiture of the issue. However, even if the issue had not been forfeited, defendant's bill of costs and accompanying documentation provided the trial court with a reasonable evidentiary basis to evaluate and decide defendant's motion for costs. Thus, the trial court did not abuse its discretion by deciding the motion solely on the pleadings and supporting documentation submitted by the parties. [*Id.* at 689, 691–692.]

Here, an extensive trial was conducted which included evidence and testimony regarding the amount of plaintiff's claimed fees. It can hardly be said that defendant was denied an opportunity to challenge the reasonableness of those fees. While a "trial court may not award attorney fees . . . solely on the basis of what it perceives to be fair or on equitable principles," the trial court did not simply determine that $25,000 was a fair and equitable amount; instead, there was record evidence to support the trial court's award. *Reed* 265 Mich App at 166.

Additionally, I do not find the trial court's failure to use the magic word "reasonable" to be dispositive. A trial court is not required to cite "every piece of evidence entered and argument raised by the parties" and need only provide a record that is sufficient for an appellate court to determine whether the evidence clearly preponderates against the trial court's findings. *Rittershaus v Rittershaus*, 273 Mich App 462, 475; 730 NW2d 262 (2007). We have recently held that, in divorce actions, a party is not necessarily entitled to an evidentiary hearing on the issue of attorney fees as a matter of law if there is no real dispute regarding the attorney's hourly rate and number of hours spent on a case. *Cassidy v Cassidy*, ___ Mich App ___; ___ NW2d ___ (Docket No. 328004, issued January 10, 2017), slip op, pp 13-15. In *Cassidy*, the trial court was "all too familiar with every nuance of the case, having been the only judge to handle it over

a number of years." As such, the record provided sufficient basis for the award and there was no reason to remand for a determination of the reasonableness of the fees. *Id.* at 17.

Finally, that the trial court's award was significantly less than what plaintiff requested is a clear sign that the trial court obviously considered the reasonableness of the fees. A trial court is presumed to have known and properly applied the law. See, *Charles A Murray Trust v Futrell*, 303 Mich App 28, 44; 840 NW2d 775 (2013). The trial court was well aware of the requirement of reasonableness and had already conducted such a hearing earlier on in the proceedings. There is no need for a remand.

The attorney fee award was proper on the basis of plaintiff's need and defendant's ability to pay the fees as well as defendant's repeated violations of court orders that caused plaintiff to incur additional fees. Kathleen testified at trial about the attorney fees incurred in this action. An exhibit was admitted by stipulation itemizing the attorney fees of $46,650 of which the trial court only awarded $25,000. Defense counsel failed to cross-examine Kathleen about the fee claim or to question the reasonableness of the fees incurred. A separate evidentiary hearing on the fee request was not required given that defendant never challenged the factual basis for the fee request at trial or asked for an evidentiary hearing. I see no need to remand the matter to the trial court for the ministerial task of requiring the trial court to affirmatively declare that the fees were reasonable where the reasonableness of the fees was not in dispute and the record clearly supports the trial court's award.[2] To do so would be a complete waste of judicial resources and the parties' time, in addition to incurring *more* and unnecessary attorney fees.

I would affirm the judgment in its entirety.

/s/ Kirsten Frank Kelly

---

[2] Even on appeal defendant does not articulate why or if the fees awarded are unreasonable; he merely claims that the trial court did not say the word "reasonable" and disregards the record support for the award.