NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1865-20

L.S.R.,

    Plaintiff-Appellant,

v.

S.T.,[1]

    Defendant-Respondent.

_____

Submitted November 1, 2021 – Decided November 19, 2021

Before Judges Sabatino and Rothstadt.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-4824-09.

Williams Law Group, LLC, attorneys for appellant (Elena K. Weitz, on the briefs).

Charles P. Cohen, attorney for respondent.

PER CURIAM

---

[1] We choose to use initials for the parties to protect the privacy of their son, who is the subject of the court's order directing, among other things, that he receive therapy. R. 1:38-3(d).

In this Family Part case under the non-dissolution docket, a child's mother, plaintiff L.S.R., appeals certain portions of the trial court's February 5, 2021 order, issued after hearings conducted remotely on three separate days. Specifically, the mother appeals the order's provisions: (1) requiring her to alternate the child tax exemption with the child's father, defendant S.T., (2) reducing her child support from $107 per week to $70; and (3) awarding the father partial counsel fees. We affirm.

The parties have one child together, who was born in September 2008. The parties separated in 2012, at which time primary residential custody was granted to the mother with parenting time for the father. Unfortunately, the parents have had a contentious and litigious relationship. As of the time of the present motion practice, the father apparently had seen the child only a few times over the last several years.

The motions and cross motions that resulted in the February 5, 2021 order largely concerned custody and parenting time issues. On those issues, which are not the subject of the mother's present appeal, the Family Part judge denied the mother's motion to obtain sole custody of the child. The judge also denied the father's request to become the primary custodial parent, but did order reunification therapy for the father and the child.

The issues before us on this appeal are financial in nature. Initially, the father had been ordered at the time custody was established in 2012 to pay $40 weekly in child support. Later, by order dated March 6, 2015, the child support was increased to $107 per week. That same order from 2015 specified that the parties were to alternate yearly the federal tax exemption for the child. However, the mother did not cooperate with the father on that arrangement and failed to supply him with the child's Social Security card so that he could take advantage of the tax exemption. Meanwhile the father married and is now supporting an additional biological child with his wife.

Both parties became unemployed during the COVID-19 pandemic. As a result, the mother had been staying home with the child (who was age twelve at the time of the motion practice) and hoped to attend school or a training program, although she was not enrolled at the time of the motions. Meanwhile, the father was also not working, but was enrolled in school to earn a skills certification which he intended to complete by September 2021.

In connection with the aspects of the motion practice concerning monetary issues, the parties submitted financial Case Information Statements ("CIS") to the court pursuant to Rules 5:5-2 and -3. However, the parties' CIS forms were incomplete, and, among other things, did not include fully legible copies of their

tax returns. The judge found the mother was particularly uncooperative and had not acted in good faith, despite telling her before and at the first two hearings that she needed to submit more supporting financial documents.

Faced with this situation, the judge found both parents were underemployed. The judge imputed to both parents the hourly minimum wage, which he multiplied by forty hours per week. The judge found that, although it was desirable for the parents to obtain education and job training, they each had a paramount obligation to earn some money to support their son.

Although it was not supplied by counsel in the appendices on appeal, our clerk's office obtained from the Family Part the child support worksheet the judge is required to complete in making a child support determination, pursuant to Rule 5:6A and Appendix IX of the Court Rules, that accompanied the February 5, 2021 order. The worksheet utilized the Child Support Guidelines prescribed by Rule 5:6A.[2] The worksheet assumed the father hosted no overnight stays of the parties' child. It also appropriately factored in his need to support an additional child. The worksheet incorporated the self-support reserve for both parties because of their modest incomes.

---

[2] See Child Support Guidelines, Pressler & Verniero, Current N.J. Court Rules, Appendix IX-A to R. 5:6A, ¶2, www.gannlaw.com (2021) ("Child Support Guidelines").

A-1865-20

Based on the Guidelines, the support level preliminarily was calculated on the worksheet at $50 weekly. In his discretion, the judge increased that figure by $20 weekly to $70.

The judge also ordered the mother to alternate the child exemption annually with the father, as the court had previously ordered in 2015.

Lastly, the judge awarded partial counsel fees to the father's attorney of $7337, representing two thirds of the $11,005 amount his counsel billed.

Now represented by counsel on appeal, the mother seeks reversal of the court's determinations concerning the tax exemption, the modification of child support, and the counsel fee award. The father has not cross-appealed any rulings.

We apply a substantial degree of deference in reviewing the Family Part judge's determinations on these issues. We will not disturb the trial court's findings unless they are demonstrated to lack support in the record with substantial, credible evidence. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). We must give due regard to the trial judge's feel for the case. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998); see also Pascale v. Pascale, 113 N.J. 20, 33 (1988). Given the Family Part's special expertise, appellate courts must accord particular deference to fact-finding in family cases,

and to the conclusions that logically flow from those findings. Cesare, 154 N.J. at 412-13.

More specifically, a trial court's imputation of income for purposes of calibrating support ordinarily will not be disturbed, unless the appellant demonstrates an abuse of discretion. Ibrahim v. Aziz, 402 N.J. Super. 205, 210 (App. Div. 2008); Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004).

Applying these principles, we affirm the findings of the February 5, 2021 order challenged on appeal. We do so substantially for the sound reasons expressed by Judge Philip J. Degnan, which are consistent with the applicable law. We add only a few brief amplifying comments.

The mother argues she is entitled under the federal statute, 26 U.S.C. § 152(e), to receive the child exemption annually because she is the primary custodial parent. But her argument ignores that case law permits family part judges to allocate the exemption to either parent based on equitable principles. See Gwodz v. Gwodz, 234 N.J. Super. 56, 62 (App. Div. 1989). The earlier March 2015 order made such an equitable allocation alternating the exemption on an annual basis, and the mother had no right to disobey it.

The judge acted well within his discretion in modifying the child support award. The father's additional child is a change of circumstances entitling him

to a recalculation.  See Child Support Guidelines ¶10; see also Lepis v. Lepis, 83 N.J. 139 (1980) (authorizing modification of support where a change in circumstances has occurred).  The judge also reasonably imputed minimum wage earnings to both parents for purposes of the Guidelines calculation.  See Child Support Guidelines; Caplan v. Caplan, 182 N.J. 250, 268 (2005) (noting the court's authority to impute earnings to parents who are voluntarily underemployed or unemployed). The child is old enough for both parents to be working.

We reject the mother's argument that the order must be vacated because the judge had enough financial information to make the support calculation, dispelling the need for a minimum wage-consistent income to be imputed to the parties.  The mother herself did not supply the court with timely and complete financial documents. The documents she produced had missing pages and other pertinent information was covered. Additionally, the father's tax returns had not been produced.  It would be a waste of time to remand this matter for a fourth hearing.  The court had the prerogative to fashion a support level based upon the information that was provided through the documents it received, albeit incomplete, and the parties' testimony.  See, e.g., Elrom v. Elrom, 439 N.J. Super. 424, 434 (App. Div. 2015); Tash v. Tash, 353 N.J. Super. 94, 99 (App.

Div. 2002). Also, in criticizing the fairness of the order, the mother overlooks that the judge made an upward adjustment from the Guidelines figure for her benefit.

Lastly, we sustain the counsel fee award, which was consistent with Rule 5:3-5(c) and applicable fee-shifting factors under case law. See Mani v. Mani, 183 N.J. 70, 93-95 (2005). The father largely prevailed in the motion practice on several issues. The judge also determined the mother had not acted in good faith, making the following pointed observations on the record:

> I find that [the mother] has failed to act in good faith during the pendency of this motion and has failed to comply with court orders going back to 2015. Indeed, on March 6th, 2015, [the mother] was ordered to provide [the father] with a copy of [the child's] Social Security card as the parties were to alternate years during which they would claim [the child] on their taxes. By her own testimony, [the mother] disagreed with that decision. Rather than avail herself of proper channels to contest the court order, she simply refused to comply with the court order until very recently and has claimed [the child] on her tax [returns] every year since then. That has deprived [the father] of at least three tax years during which he could have claimed [the child] on his taxes, and consequently, the financial benefits of doing that.
>
> Part of [the father's] application was simply to enforce the terms of an order entered in 2015. Thus not only does [this] Court find that [the mother] has acted in bad faith but also finds that the award of attorney's fees

A-1865-20

constitutes an equitable remedy as contemplated in Rule 5:3-7, the sanctions rule.

The record supports these observations. The judge had a sound basis to order fee shifting, while reasonably tempering that relief by reducing the father's fee application by one third. Given our limited scope of review of such fee issues, we affirm the ruling. Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (reiterating the customary deference owed on appeal in reviewing a trial court's fee award).

To the extent we have not commented, we reject all other arguments raised on appeal because they lack sufficient merit for discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9